## BUTLER v. EMPLOYERS CAS. CO.
### No. 2867.

Court of Civil Appeals of Texas. Eastland.
June 29, 1951.

Rehearing Denied Sept. 7, 1951.

Grimes & Owen, Taylor, for appellant.

Leachman, Matthews & Gardere, Dallas, for appellee.

COLLINGS, Justice.

This suit was brought by appellant, Loyd L. Butler, against appellee, Employers Casualty Company, to recover damages. for the alleged breach of one of the provisions of a policy of automobile insurance. By the terms of the policy, appellee agreed, under certain conditions, to pay on behalf of Loyd L. Butler all sums which he should become liable to pay by reason of liability imposed upon him by law for damages because of bodily injury sustained by any person caused by accident and arising out of the ownership, maintenance or use of appellant's Oldsmobile automobile, and to defend any suit brought against appellant for personal injuries arising from the operation of such automobile. One of the conditions of the policy was that when an accident occurred, written notice should be given by or on

behalf of the insured to the company as soon as practicable. The basis of appellant's claim for recovery was appellee's refusal to defend a suit brought against appellant by R. E. Olson and his minor daughter, Roberta Elizabeth Olson, for injuries claimed to have been sustained by the minor child by reason of a collision on December 13, 1946, in which the insured's automobile, operated at the time by appellant's wife, was involved. Appellant did not notify appellee company of the accident in which the injury occurred until February 28, 1947. Appellee urged in its pleadings that such delay of notice constituted a breach of a condition precedent to appellant's right to require it to furnish a defense to the suit. Appellant's answer to such defense was that appellee company waived his breach of such condition by its investigation of the case made after knowledge of appellant's delay in giving such notice; and that, in any event, the action of appellee company in compromising the Olson suit and paying the full amount of the compromise settlement, constituted a conclusive admission that its right to deny liability as to the accident had terminated before the company refused to defend such suit.

Appellant alleged that by reason of appellee's breach of its contract to defend such suit, he had incurred a reasonable expense in the sum of $1,500 in arranging for a defense thereof; that he was obliged to and did employ the law firm of Grimes & Owens of Taylor, Texas, to represent and defend him in such suit and agreed and became bound to pay to such firm the fair and reasonable sum of $1,500 for their services and prayed for judgment against appellee for such amount.

The case was tried before a jury which found, among other things, in answer to special issues submitted that (1) appellant failed to comply with the condition precedent of giving written notice of the Olson accident as soon as practicable, and that (2) appellee did not intend to waive appellant's breach of such condition precedent by its investigation, but that such investigation made by appellee company was for the sole purpose of determining whether or not it was liable under the policy. Based upon such jury findings, the trial court rendered judgment that appellant take nothing by his suit and from such judgment, this appeal is brought.

The policy issued by appellee to appellant provided that:

"When an accident occurs, written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses.

\* \* \* \* \* \*

"No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company."

The finding of the jury that appellant did not give notice of the Olson accident as soon as practicable is not questioned. Appellant likewise does not question the legal conclusion that under the terms of the policy such failure to give notice to the company relieved it of liability unless there was a waiver of such failure to give notice.

In several points appellant contends in effect that the trial court erred in refusing to hold, as a matter of law, that appellee, by its investigation of the Olson case, waived and/or became estopped from asserting the failure of appellant to give notice of the accident as required by the policy, particularly since such acts or investigation were performed by the company with full knowledge of its right to deny liability on the ground that appellant failed to give timely notice.

The action of appellee and the surrounding circumstances relied on by appellant

to constitute a waiver of his delay in giving notice of the accident are as follows:

The accident upon which the Olson suit was based occurred on December 13, 1946. Loyd L. Butler gave notice of the accident to the company by letter dated February 28, 1947. After receiving the letter, Employers Casualty Company, acting through one of its investigators, John C. Beal, interviewed Loyd L. Butler and thereafter interviewed Loyd L. Butler's wife, Florence Butler, prepared a written statement for her to sign, dated March 5, 1947, which was signed by her on or about said date and secured data with respect to said accident from the police report of said accident in the police office at the City Hall of University Park, Dallas County, Texas. After John C. Beal did said things, Employers Casualty Company, acting through another of its investigators, Hugh Gossett, interviewed Loyd L. Butler, prepared a written statement for Loyd L. Butler to sign, witnessed the signing of same by Loyd L. Butler, and received and accepted a statement signed by Alexander G. Cason, III. All of said acts of said John C. Beal and Hugh Gossett were performed on behalf of the Employers Casualty Company solely on account of its policy issued to said Loyd L. Butler.

■ A waiver is the intentional relinquishment of a known right or such conduct as warrants an inference of the relinquishments of such right. Missouri, K. & T. Ry. Co. v. Hendricks, 49 Tex.Civ. App. 314, 108 S.W. 745. The acts and circumstances in this case do not, in our opinion, conclusively establish an intention on the part of the company to waive appellant's delay in giving notice. At most, only a fact issue was raised by the evidence and that was found unfavorable to appellant's position by the jury. The company had a right to make such investigation as was necessary to determine whether or not it was liable under the policy and at the same time, to get any information which might be of assistance in defending the case if it should be found such was required. No injury is shown to have been suffered by appellant by reason of such investigation and the company did not, by reason thereof, become estopped from asserting the breach by appellant.

■ In appellant's third point it is contended that the action of the company in voluntarily negotiating a compromise settlement of the Olson suit, causing a judgment to be entered therein and paying the full amount thereof after it had refused to defend said suit and after Loyd L. Butler had arranged for a defense of same, constituted a conclusive admission by the company that its right to deny liability for the accident had terminated before it refused to defend such suit.

Neither the settlement agreement nor the agreed judgment in the Olson suit is shown in the evidence. Appellant testified that he was not entirely happy over the fact that appellee settled the Olson suit for $4,000 because he wanted appellee to pay the entire coverage of the policy, including his attorneys' fee, but he did not want his attorneys to go ahead and try the Olson case instead of letting the court decide whether or not appellee was liable to furnish attorneys to defend such suit in a separate and distinct suit which had been brought by the company, seeking a declaratory judgment to determine its liability under the policy. The suit for a declaratory judgment was dismissed on the motion of the company, and the order of dismissal, recited that "All claims of the parties . . . except for attorney's fees, have been compromised and settled." It is to be noted that the order specifically indicated that the claim for attorney's fees was not included in the settlement. These facts and circumstances do not, in our opinion, establish that the company's action in settling the Olson suit constituted a conclusive admission that its right to deny liability had terminated before it refused to defend the Olson suit. The compromise settlement of the Olson suit may be evidence of an admission by the company that its right to deny liability for the accident had terminated before it refused to defend such suit, but it is not conclusive evidence of such fact. It raised only a fact question and since no jury

issue was submitted or requested by appellant on the question, the matter was waived. The point is overruled.

The action taken in the above matters requires the affirmance of the judgment regardless of the disposition of other points presented and it is, therefore, not necessary to discuss same.

The judgment of the trial court is affirmed.