## Evelyn DIAZ

v.

## TEXAS HEALTH ENTERPRISES, INC. d/b/a New Horizons Nursing Home.

### No. MO–92–CA–175.

United States District Court,
W.D. Texas,
Midland–Odessa Division.

April 13, 1993.

Charles Philips, Burnett & Burnett, Odessa, TX, for plaintiff.

Stephen Greenberg, Small, Craig & Werkenthin, Austin, TX, Richard Andrew Bonner, Shafer, Davis, McCollum, Ashley, O'Leary & Stoker, Odessa, TX, Iris J. Jones, and Julie L. Benson, Small, Craig & Werkenthin, Austin, TX, for defendant.

## MEMORANDUM OPINION AND ORDER

BUNTON, Senior District Judge.

BEFORE THE COURT is Defendant TEXAS HEALTH ENTERPRISES, INC.'s Motion for Summary Judgment and supporting brief in the above-captioned cause. Plaintiff filed a Response with supporting brief opposing said motion. On April 8, 1993, Defendant filed a Reply to Plaintiff's Response. After extensive and careful consideration of the Motion, Response, Reply, the supporting briefs, pleadings on file, attached exhibits and the controlling law, the Court is ... exhausted. Notwithstanding the foregoing, the Court is of the Opinion the Motion for Summary Judgment is meritorious and should be GRANTED.

## JURISDICTION

Plaintiff commenced this action against the Defendants in the 358th Judicial District Court of Ector County, Texas. Plaintiff alleged a claim for benefits under an employee benefit plan governed by the Employees' Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* (ERISA). Defendant removed the action to this Court under the provisions of 28 U.S.C. § 1441(a), and based on ERISA preemption. 29 U.S.C. § 1001 *et seq.* This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

## FACTUAL BACKGROUND

This case involves Plaintiff's claim against Defendant Texas Health Enterprises, Inc., d/b/a New Horizons Nursing Home (herein "THE") regarding an alleged accident during her employment with THE. THE is a non-subscriber to worker compensation pursuant to the Texas Worker's Compensation Act. THE offers their employees the option of electing to participate in an Employee Injury Benefit Plan (herein the "Plan") which provides certain wage replacement, medical, dismemberment, and other benefits to employees electing to be covered and who are injured during the course of their employment. The uncontroverted evidence clearly shows the Plan is an ERISA plan and governed by the act. *See* 29 U.S.C. § 1002(3) (defining an "employee benefit plan" as one which provides its beneficiaries with "medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, [or] disability. . . ."). The Plaintiff elected to be covered by the Plan at the beginning of her employment on March 24, 1992. (See exhibit B of Defendant's Motion). The Plaintiff also signed an acknowledgement form stating she had received and reviewed a "Summary" of the Plan's provisions, which contained a waiver of the right to sue for any claims unrelated to a claim for benefits. (see exhibit A of the Affidavit of Glenda Jones).

Plaintiff was allegedly injured on August 20, 1992, while she was working and while a participant under the Plan. The Plaintiff apparently then made an effort to obtain benefit payments for her injuries, although the evidence is unclear on whether she filed a

formal claim or not. THE denied the claim for benefits, regardless of whether the claim was filed in compliance with the Plan. The Plaintiff did not file an appeal from this denial, as provided for in the Plan.

Subsequently, the Plaintiff filed suit in the 368th District Court in Ector County, Odessa, Texas. While the crux of the Plaintiff's claims involved the non-payment of benefits she believed she was entitled to under the Plan, the petition also included state law claims for negligence on the part of THE. On December 9, 1992, the case was removed to this Court on the basis of preemption by ERISA. 29 U.S.C. §§ 1001–1461.

## ISSUES

1. Are the Plaintiff's state law claims for negligence against THE preempted by ERISA?

2. Assuming the Plaintiff's state law claims are not preempted by ERISA, did the Plaintiff waive the right to sue for these claims under the provisions of the Plan?

3. Is Plaintiff barred from asserting any claim for non-payment of benefits because she did not exhaust the available administrative remedies provided for in the Plan?

## THE COURT ANSWERS

1. Yes, the Plaintiff's state law claims of negligence are preempted by ERISA.

2. Yes, assuming any of the state law negligence claims are not preempted by ERISA, the Plaintiff voluntarily waived the right to sue for these claims.

3. Yes, the Plaintiff is barred from asserting a claim for non-payment of benefits until she exhaust all of the administrative remedies available under the Plan.

## STANDARD ON MOTION FOR SUMMARY JUDGMENT

Rule 56(c) of the Federal Rules of Civil Procedure provides summary judgment, "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Furthermore, "[a]ll facts contained in the pleadings, depositions, ad-

missions, and answers to interrogatories are reviewed by 'drawing all inferences most favorable to the party opposing the motion.'" *James v. Sadler,* 909 F.2d 834 (5th Cir.1990) (quoting *Reid v. State Farm Mutual Auto Ins. Co.,* 784 F.2d 577, 578 (5th Cir.1986)); *Moore v. Mississippi Valley State University,* 871 F.2d 545, 549 (5th Cir.1989); *Waltman v. Int'l Paper Co.,* 875 F.2d 468, 474 (5th Cir.1989). Rule 56(e) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but ... must set forth specific facts showing that there is a genuine issue for trial.

Accordingly, the focus of this Court is upon disputes over material facts; that is, facts likely to affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986); *Phillips Oil Co. v. OKC Corp.,* 812 F.2d 265, 272 (5th Cir.), *cert. denied,* 484 U.S. 851, 108 S.Ct. 152, 98 L.Ed.2d 107 (1987). The Fifth Circuit stated, "[t]he standard of review is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon the record evidence before the court." *James,* 909 F.2d at 837; *see Matsushita Elec. Industr. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986); *Boeing Co. v. Shipman,* 411 F.2d 365, 374–375 (5th Cir.1969) (en banc).

The Supreme Court's 1986 trilogy of summary judgment cases clarified the test for granting summary judgment. In the first case, *Anderson,* the Court stated the trial court must consider the substantive burden of proof imposed on the party making the claim. In the case before this Court, the Plaintiff has the burden with respect to each claim and Defendant has the burden with respect to their defenses and claims for affirmative relief. Once Defendant THE demonstrates it is entitled to summary judgment under the law, Plaintiff has the burden of

rebutting the proof on the issues of preemption, waiver, and exhaustion of administrative remedies under the Plan.

*Anderson* requires this Court to substantively evaluate the evidence offered by the moving and non-moving party. "[T]he requirement is that there be no *genuine* issue of *material* fact." *Id.* 477 U.S. at 248, 106 S.Ct. at 2510 (emphasis in original). A dispute is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*

In the second case, *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), the Supreme Court reiterated the requirement that once the party moving for summary judgment has made a prima facie showing there is no genuine issue as to any material fact, the non-moving party must then come forward with "specific facts" showing a genuine issue for trial. "Its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 586, 106 S.Ct. at 1355.

The third case in the trilogy, *Celotex Corp. v. Catrell,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), held when the moving party shows the opposing party is unable to produce the evidence in support of its case, summary judgment is appropriate. In *Celotex Corp.,* it was not necessary for the motion for summary judgment to be supported by affidavits or other material specifically negating the non-moving party's claim so long as the District Court was satisfied of the absence of evidence to support it. The burden shifted to the non-moving party to produce evidence in support of its claims; if it did not produce any, summary judgment was required.

This Court has demonstrated its willingness to allow a non-moving party a day in court in borderline cases where, under the governing law or reasonable extensions of existing law, the hearing of some testimony would be helpful to understanding the proper application of the law. However, such is not the case in the case now before the Court.

The Court is convinced there is no genuine dispute on material issues, and the law clearly supports, the entry of summary judgment in this case.

## DISCUSSION

### Preemption of State Claims

■ Plaintiff has asserted state law claims for negligence against THE in this case. After review of these claims and the relevant law, the Court finds the state law claims for negligence "relate to" the ERISA plan and are preempted.

ERISA preempts state law and any state law claims which "relate to" any employee benefit plan as the term is defined therein. 29 U.S.C. § 1144(a); *see also Pilot Life Insurance Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). The phrase "relate to" is given a broad meaning so that a state law cause of action is preempted if "it has connection with of reference to that plan." *Metropolitan Life Ins. Co. v. Mass.,* 471 U.S. 724, 730, 105 S.Ct. 2380, 2385–86, 85 L.Ed.2d 728 (1985). The United States Supreme Court has held Congress' intent in enacting ERISA was to completely preempt the area of employee benefit plans and to make regulation of benefit plans solely a federal concern. *Pilot Life,* 481 U.S. at 41, 107 S.Ct. at 1549. Only those state laws and state law claims whose effect on the plan is merely tenuous, remote or peripheral are not preempted.

The United States Fifth Circuit Court of Appeals has also repeatedly recognized virtually all state law claims relating to an employee benefit plan are preempted by ERISA. *Christopher v. Mobil Oil Corp.,* 950 F.2d 1209, 1213 (5th Cir.1992); *Hermann Hospital v. Meba Medical and Benefits Plan,* 959 F.2d 569, 576 (5th Cir.1992); *Corcoran v. United Healthcare, Inc.,* 965 F.2d 1321, 1326 (5th Cir.1992); *Hansen v. Continental Insurance Company,* 940 F.2d 971, 976 (5th Cir.1991); *Degan v. Ford Motor Co.,* 869 F.2d 889, 893 (5th Cir.1989). To date, the Fifth Circuit has held state law claims for breach of contract, violation of the Texas DTPA and Insurance Code § 21.21, fraud, and negligent misrepresentation are

preempted by ERISA. Other Circuits have held state law claims for negligence are also preempted by ERISA. *Cromwell v. Equicor–Equitable HCA Corp.,* 944 F.2d 1272, 1276 (6th Cir.1991); *Farlow v. Union Central Life Insurance Co.,* 874 F.2d 791, 794 (11th Cir.1989).

Plaintiff asserts her state law claims for negligence are not preempted by ERISA because they are "run-of-the-mill claims" which in general should not be preempted. *See Mackey v. Lanier Collections Agency,* 486 U.S. 825, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988). However, the "run-of-the-mill" state law claims mentioned in *Mackey* include claims for unpaid rent, failure to pay creditors, and torts committed by the Plan. *Mackey,* 486 U.S. at 833, 108 S.Ct. at 2187. The claims mentioned in *Mackey* do not pertain to the terms of the plan, nor do they relate to benefits owed under the plan. In contrast, Plaintiff's claims go to the very essence of the Plan and its terms. Plaintiff's claim is essentially a claim for benefits due under the plan. Specifically, the terms of the Plan include a waiver of the right to sue and are clearly material terms of the Plan. Thus, the Court finds the claims of negligence, and whether they were waived, necessarily relate to the Plan.

■ Furthermore, it is not the label placed on a state law claim which determines whether it is preempted, but whether in essence the claim is for the recovery of an ERISA plan benefit. *Cromwell,* 944 F.2d at 1276. The Court is of the opinion the Plaintiff's classification of the claim as negligence is, in reality, a claim for injury benefits covered by the Plan. Accordingly, the Court finds the Plaintiff's claims for negligence are preempted by ERISA as a matter of law.

### Waiver of State Law Claims

Assuming the Plaintiff's state law claims for negligence are not preempted by ERISA as discussed above, the Court finds these same state law claims are barred from suit because they were waived by the Plaintiff.

Under Texas law, waiver is the voluntary and intentional relinquishing of a known right, or intentional conduct inconsistent with the claiming of the right. *Massachusetts Bonding and Insurance Co. v. Orkin Exter-*

*minating Co.,* 416 S.W.2d 396 (Tex.1967); *Bulter v. Employers Casualty Co.,* 241 S.W.2d 964 (Tex.Civ.App.1951); See also the cases cited at 60 Tex.Jur.2d Waiver § 1 n. 1. Furthermore, a waiver is an election to dispense with something of value or to forego some advantage which might have been demanded or insisted upon. *Wells Fargo Business v. Ben Kozloff, Inc.,* 695 F.2d 940, 947 (5th Cir.1983); *Young v. Amoco Production Co.,* 610 F.Supp. 1479 (N.D.Tex.1985), affirmed 786 F.2d 1161, 1165 (5th Cir.1986).

The evidence in this case clearly shows the Plaintiff executed a waiver of the right to sue for any claims (other than benefits) on March 24, 1993. (exhibit A of G. Jones Affid.; i.e. . . . an attachment to the "Summary" of the Plan which was read, reviewed, and signed by Plaintiff). Specifically, the document is an "Election to Participate" in the ERISA plan. The election form was given to all new employees of THE, including the Plaintiff. After they reviewed the "Summary" of the Plan with a representative of THE, the employees were given the option to participate in the plan. The Plaintiff, like all employees, went though this explanation of the Plan prior to her decision to participate. The "Election to Participate" Form provides:

> By execution of this document, I hereby voluntarily elect to participate in the Employee injury Benefit Plan of Texas Health Enterprises, Inc. (the "Plan"). AS REQUIRED BY THE TERMS OF THE PLAN, THE UNDERSIGNED **HEREBY IRREVOCABLY AND UNCONDITIONALLY RELEASES AND WAIVES ANY AND ALL CLAIMS AND CAUSES OF ACTION,** WHETHER NOW EXISTING OR ARISING IN THE FUTURE, THAT THE UNDERSIGNED MAY HAVE AGAINST TEXAS HEALTH ENTERPRISES, INC., IT OFFICERS, DIRECTORS, SHAREHOLDERS, AGENTS AND EMPLOYEES THAT ARISE OUT OF OR **ARE RELATED TO INJURIES** OR DEATH SUSTAINED BY THE UNDERSIGNED IN THE COURSE AND SCOPE OF THE EMPLOYMENT OF THE UNDERSIGNED

BY TEXAS HEALTH ENTERPRISES, INC.

The Election form goes on to state:

I UNDERSTAND THAT BY EXECU-TION OF THIS DOCUMENT, **I WILL LOSE THE RIGHT TO SUE** TEXAS HEALTH ENTERPRISES, INC. AND PEOPLE EMPLOYED BY IT IN CON-NECTION WITH INJURIES OR DEATH SUSTAINED IN MY EMPLOY-MENT WITH TEXAS HEALTH EN-TERPRISES, INC. MY **ONLY** REME-DY WILL BE TO BENEFITS UNDER THE PLAN. EXECUTION OF THIS DOCUMENT INVOLVES THE WAIV-ER AND RELEASE OF VALUABLE LEGAL RIGHTS. (emphasis added).

Similarly, the form states the fact that the Plaintiff signed the waiver form voluntarily and "without duress from any person." Fur-thermore, it states, "I have carefully read and understand the contents of this docu-ment...." After review of the plain lan-guage of the Election form, the Court is at a loss to envision a more plain and clear waiver of the right to sue. Plaintiff, however, claims the waiver was not made knowingly or volun-tarily. Yet, the evidence indicates the Plain-tiff understood the seriousness of the waiver, as noted in her request for admissions and answers to interrogatories. Plaintiff has not offered any evidence she was coerced, under duress, or was in any way forced to sign the explicit waiver. Likewise, Plaintiff's asser-tion her signing the waiver was a condition precedent to employment has not been sup-ported by any evidence. Thus, the Court is unable to find any material fact in dispute regarding whether the Plaintiff's waiver was voluntary or made knowingly. Accordingly, the Court finds all of Plaintiff's claims, ex-cept for those made in connection with the payment of benefits, were effectively waived as a matter of law.

### Exhaustion of Administrative Review Under the Plan

Plaintiff also asserts claims she was improperly denied benefits under the Plan. However, because the Plaintiff did not ex-haust all her available administrative review procedures under the Plan, the Court finds she is not entitled to relief from this Court.

Section 503 of ERISA provides in relevant part, that:

In accordance with the regulations of the Secretary, every employee benefit Plan shall ... [2] afford a reasonable opportuni-ty to a participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

29 U.S.C. § 1133. See 29 C.F.R. § 2560.-503-1 (explaining the type of internal admin-istrative review· mandated for an ERISA plan). There is no dispute the Plan provided by THE satisfied the requirements of the above-referenced statutes.

The primary purposes of the exhaustion requirement are to: (1) uphold Congress' desire that ERISA trustees be responsible for their actions, not the federal courts; (2) provide a sufficiently clear record of adminis-trative action if litigation should ensue; and (3) assure that any judicial review of fiducia-ry action (or inaction) is made under the arbitrary and capricious standard. *See Den-ton v. First National Bank of Waco, Texas,* 765 F.2d 1295, 1300 (5th Cir.1985). In *Den-ton,* the Court required the "benefit claimant to exhaust the administrative remedies prior to seeking federal court review of a benefit denial." *Id.* (Relying on the reasoning in *Amato v. Bernard,* 618 F.2d 559 (9th Cir. 1980). In *Amato,* the Court succinctly noted reasons for the requirement of exhaustion:

[t]he institution of such administrative claim-resolution procedures was intended by Congress to help reduce the number of frivolous lawsuits under ERISA; to pro-mote the consistent treatment of claims for benefits; to provide a nonadversarial method claims settlement; and to minimize the costs of claims settlement for all con-cerned.... and implementation of the ex-haustion requirement will enhance their [fiduciaries] ability to expertly and effi-ciently manage their finds by preventing premature judicial intervention in their de-cision-making processes.

*Amato,* 618 F.2d at 567.

Based on the foregoing, it is clear the administrative procedures in the Plan should have been complied with prior to the Plaintiff

filing suit. The Plan provides in the section marked "Review Procedure":

> "Within sixty (60) days after the date on which the Participant ... receives notice of a denial of benefits ... [and] if the Participant disagrees with the denial of a request for benefits, the Participant ... **shall (i) file a written request** with the Review Committee for a review of his denied request for benefits and of pertinent documents and (ii) submit written issues and comment to the Review Committee. **No legal action can be brought to recover benefits before the claims review process has been exhausted.**"

The evidence clearly shows the Plaintiff did not file a written request for review of the denial of benefits. In addition, the Plaintiff did not submit written issues and comments to the Review Committee. Thus, by the Plan's own terms, the Plaintiff is barred from bringing suit.

The Plaintiff argues the "Summary" of the Plan does not emphatically require an administrative review before a suit can be filed. Plaintiff argues that use of the word "may", in the section of the "Summary" providing for an appeal, allows her to forego filing an appeal with the Plan's Review Committee. However, this section of the "Summary" also clearly provides, "[t]he employee **shall not be entitled to Benefits ... if ... the Employee fails to comply with any of the requirements of the Plan.**" (Summary of the Plan, page 3). Thus, the Summary Plan description clearly states the ERISA plan document governs the Plaintiff's rights, and the plan is available if the employee desires more detailed information than contained in the Summary. In addition, the paragraph in the Summary on which the Plaintiff relies also contains mandatory language and states, "you must submit a written request" in order to appeal the denial. Clearly, the clause was drafted to allow, not require, an employee to file appeal. Hence the word "may" was used rather than the word "shall."

Reading all of these clauses together, the Court finds a plaintiff under the plan is required to file an appeal prior to filing suit in this Court. Therefore, because the Plaintiff failed to appeal the denial of benefits, the Court finds the exhaustion requirement of *Denton* has not been met. However, if the Plaintiff fully exhausts the internal appeal procedures of the Plan, and then desires review of her claim for benefits, the Court will entertain this case.

## CONCLUSION

Based on the foregoing opinion, the Court finds there are no material fact issues in dispute in this case. Furthermore, the Court finds Defendant is entitled to summary judgment as a matter of law on all issues. Accordingly,

IT IS ORDERED the Defendant's Motion for Summary Judgment regarding Plaintiff's state law claims of negligence is GRANTED.

IT IS FURTHER ORDERED the Defendant's Motion for Summary Judgment regarding Plaintiff's claims for benefits under the plan is GRANTED. Further, these claims are dismissed **without prejudice.**

IT IS FINALLY ORDERED Defendants' Costs of Court will be assessed against Plaintiff.