**Hollye PYLE, Plaintiff,**

v.

**BEVERLY ENTERPRISES–TEXAS, INC. d/b/a Leisure Lodge, Defendant.**

**Civ. A. No. 3:93–CV–0466–D.**

United States District Court, N.D. Texas, Dallas Division.

July 14, 1993.

Kenneth W. Fuqua, Wilson, Fuqua & Hudnall, L.L.P., Dallas, TX, for plaintiff.

Ken Stone and Russell H. Roden, Gwinn & Roby, Dallas, TX, for defendant.

FITZWATER, District Judge:

The court is asked to decide ERISA[1] preemption questions in the context of a plan to

---

1. Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001–1461.

provide medical care and salary benefits for occupational injury or illness, adopted by a nonsubscribing employer under the Texas Workers' Compensation Act ("TWCA").

## I

Plaintiff Hollye Pyle ("Pyle") brought suit in state court against her employer, Beverly Enterprises–Texas, Inc. d/b/a Leisure Lodge ("Beverly"), on theories of negligence, intentional infliction of emotional distress, and breach of duty of good faith and fair dealing. Beverly employed Pyle as a nurse's aid at its Leisure Lodge facility. Pyle contends she injured herself during the course and scope of her employment when she slipped and fell.

Beverly is a nonsubscribing employer under the TWCA. In lieu of subscribing, Beverly established the Associate Injury Benefit Plan ("the Plan"), which provides to Beverly's Texas employees "necessary medical care and treatment for 'Occupational Injury or Illness' ... together with salary continuation benefits." D.Opp.Mot.Remand, Ex. C at 1. In order for an employee to be eligible to receive these Plan benefits for a period beyond any initial emergency treatment and for seven days thereafter, she must "sign a waiver and release ... releasing and discharging the Employer from any and all claims, demands, and causes of action which [she] may otherwise have against the employer with respect to such Occupational Injury or Illness." Id. at 2. If she "fails or refuses to sign the waiver and release form, ... then all further benefits payable under the Plan shall cease and no further Plan benefits shall be payable." Id. at 3. Pyle contends that after she was injured, her supervisor at Beverly advised her that she could receive benefits under the Plan only if she signed the release and waiver form.

Pyle alleges that Beverly's negligence proximately caused her injuries from the slip and fall. She also contends that by requiring her to sign the release and waiver form before she could receive benefits, Beverly intentionally inflicted emotional distress upon her and breached a duty of good faith and fair dealing owed by a self-insured employer to its injured employee.

Beverly removed the action to this court, contending Pyle's claims relate to an employee benefit plan and are preempted by ERISA. Pyle moves to remand, arguing that this court lacks subject matter jurisdiction because ERISA preemption does not apply.[2]

## II

■■■ An action that presents only state law claims may be preempted by ERISA, which supersedes "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in ... this title." 29 U.S.C. § 1144(a). If preempted by ERISA, an action falls within the court's federal question jurisdiction and is removable pursuant to 28 U.S.C. § 1441(b). *Floerchinger v. Intellicall, Inc.*, 802 F.Supp. 1480, 1481 (N.D.Tex.1992) (Fitzwater, J.). Pyle contends her claims are not preempted by ERISA and that this court lacks subject matter jurisdiction.[3]

**2.** Pyle also contends this action should be remanded because Beverly has taken inconsistent positions. Pyle urges that Beverly cannot remove the case on the ground that Pyle's claims are preempted by ERISA, and simultaneously contend that Pyle has failed to state a claim upon which relief can be granted. Pyle argues that this "inconsistent pleading concedes the lack of 'federal question' jurisdiction." P.Mot.Remand at 2. The court discerns no such inconsistency.

ERISA can (and does) preempt certain state law claims without providing a federal counterpart. It is not inconsistent for a party to urge that ERISA preemption applies and then to contend the plaintiff has failed to state a claim upon which ERISA relief can be granted. *See Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1278 (6th Cir.1991) (in action removed on basis of ERISA preemption, district court not required to remand case after determining plaintiffs were neither ERISA participants nor beneficiaries; that complaint is ultimately determined not to state claim on which relief can be granted does not defeat jurisdiction over case), *cert. dism'd,* —— U.S. ——, 113 S.Ct. 2, 120 L.Ed.2d 931 (1992). In its answer, Beverly contends that although the court has jurisdiction over this case by virtue of ERISA preemption, the case should be dismissed because the causes of action fail to state claims upon which ERISA relief can be granted. Beverly's pleadings are not "inconsistent."

**3.** Pyle does not argue that the Plan fails to qualify as an employee benefit plan under ERISA. 29 U.S.C. §§ 1002(1)(A) & 1002(3) define an em-

## A

■ Pyle first argues that she is not seeking recovery under the Plan, but is suing pursuant to the TWCA. The TWCA provides, in relevant part, that in an action against a nonsubscribing employer for personal injuries or death sustained by an employee, the employer may not rely upon certain common law defenses, and the employee must prove negligence. *See* Tex.Rev.Civ. Stat.Ann. art. 8308–3.03—.04 (West Supp. 1993). Pyle urges that the TWCA is a state law that regulates insurance, and because such a law is not preempted by ERISA,[4] her claims brought pursuant to the TWCA are viable.

This argument is without merit. Pyle's state court petition does not seek recovery pursuant to the TWCA. It clearly alleges common law claims of negligence, intentional infliction of emotional distress, and breach of duty of good faith and fair dealing. These are not causes of action that are created by the TWCA; they exist independently. Moreover, the fact that the TWCA deprives employers of certain defenses to negligence claims does not mean that claims by employees against nonsubscribing employers are brought pursuant to the TWCA. *See Eurine v. Wyatt Cafeterias, Inc.,* 1991 WL 207468 at *2 (N.D.Tex. Aug. 21, 1991) (Sanders, C.J.) ("A cause of action does not arise under workers' compensation laws merely because the workers' compensation statute deprives the defendant of certain defenses to the cause of action."). Accordingly, Pyle's causes of action are not brought pursuant to the TWCA, and her motion to remand on this basis is denied.

## B

■ The court next addresses Pyle's contention that ERISA preemption is inapplicable pursuant to 29 U.S.C. § 1003(b)(3) because the Plan was "designed as a substitute

for the [TWCA] and [is] specifically exempted from ERISA." P.Mot.Remand at 3.

ERISA preempts state laws "insofar as they may now or hereafter relate to any employee benefit plan," *see* 29 U.S.C. § 1144(a), but does not apply to plans "maintained solely for the purpose of complying with applicable workmen's compensation laws." 29 U.S.C. § 1003(b)(3). Under Texas law, an employer may opt to participate in the workers' compensation system by purchasing workers' compensation insurance. Participation is voluntary, but if an employer chooses not to purchase insurance, it may be subject to liability to an injured employee for negligence and is stripped of certain common law defenses, such as contributory negligence. Tex.Rev.Civ.Stat.Ann. art. 8308–3.03—.04 (West Supp.1993). If Beverly had opted to obtain a workers' compensation insurance policy, it is clear ERISA would not preempt Pyle's state law claims against Beverly. *See Gibbs v. Service Lloyds Ins. Co.,* 711 F.Supp. 874, 877–79 (E.D.Tex.1989). Beverly did not purchase such a policy; it elected instead not to participate in the workers' compensation system and adopted its own self-funded plan. Because Texas law does not require that Beverly establish such a plan, it did not do so "solely for the purpose of complying with" the TWCA. *See Diaz v. Texas Health Enters., Inc.,* 822 F.Supp. 1258, 1259 (W.D.Tex.1993) (finding nonsubscribing employer's employee injury benefit plan was an ERISA plan); *Eurine,* 1991 WL 207468 at *2 (holding negligence action against nonsubscribing employer did not arise under TWCA, and assuming employer's employee injury benefit plan was ERISA plan); *Nunez v. Wyatt Cafeterias, Inc.,* 771 F.Supp. 165, 167 (N.D.Tex.1991) (McBryde, J.) (assuming nonsubscribing employer's employee injury benefit plan was ERISA plan). *But see Foust v. City Ins. Co.,* 704 F.Supp. 752, 753–54 (W.D.Tex.1989)

ployee benefit plan as a plan, fund, or program set up by an employer that provides
medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services.

Beverly's Plan clearly falls within the definition of an employee benefit plan under ERISA.

4. 29 U.S.C. § 1144(b)(2)(A) provides that nothing in ERISA "shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities."

(whether or not employer opted to obtain workers' compensation insurance, it did so "solely" to comply with TWCA). Accordingly, § 1003(b)(3) does not exempt this action from ERISA preemption, and Pyle's motion to remand on this basis is denied.

### C

Pyle's final argument is that she is seeking relief pursuant to common law causes of action that do not "relate to" any ERISA plan, as required by § 1144(a).

■ The Supreme Court has consistently interpreted § 1144(a)'s "relate to" clause in an expansive manner in light of "its purpose of establishing the regulation of pension plans as an exclusively federal concern." *Christopher v. Mobil Oil Corp.*, 950 F.2d 1209, 1217 (5th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 68, 121 L.Ed.2d 35 (1992). ERISA's civil enforcement remedies were intended to be exclusive so that relief available to plan beneficiaries would not vary from state to state. *Hogan v. Kraft Foods*, 969 F.2d 142, 144 (5th Cir.1992). Accordingly, a state law "relates to" an ERISA plan, "in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983). State laws that are not specifically designed to affect ERISA plans or only have indirect effects may be preempted. *Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 139, 111 S.Ct. 478, 482–83, 112 L.Ed.2d 474 (1990). Provided they "relate to" an ERISA plan, common law tort actions are also preempted by ERISA. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987). The extent of ERISA preemption, however, is not unlimited. "Some state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan." *Shaw*, 463 U.S. at 100, n. 21, 103 S.Ct. at 2901, n. 21.

### 1

■ The court first considers whether Pyle's negligence claim "relates to" Beverly's Plan.

Pyle contends that Beverly's negligence proximately caused the injuries for which she seeks to recover compensatory damages. She argues that this common law claim does not relate to the Plan because she does not seek to recover benefits provided through the Plan. A number of courts, including this one, have analyzed facts remarkably similar to the instant case. *See O'Neill v. Pro–Set Press*, 1992 WL 404456 at *1–*2 (N.D.Tex. Dec. 8, 1992) (Fish, J.); *Gibson v. Wyatt Cafeterias, Inc.*, 782 F.Supp. 331, 333–35 (E.D.Tex.1992); *Eurine*, 1991 WL 207468 at *2–*4; *Nunez*, 771 F.Supp. at 167–69; *Benson v. Wyatt Cafeterias, Inc.*, 804 F.Supp. 876 (N.D.Tex.1991) (Buchmeyer, J.) (adopting reasoning of *Eurine* and *Nunez*); *Beverly Enters. of Tex., Inc. v. Leath*, 829 S.W.2d 382, 384–85 (Tex.App.1992, no writ). Each considered whether negligence actions against nonsubscribing employers who had adopted benefit plans for injuries sustained on the job were preempted by ERISA. In each case, the courts held the claims were not "related to" the ERISA plan at issue because the plaintiff sought "personal injury damages through a common law negligence cause of action that is completely unrelated to the Plan." *Gibson*, 782 F.Supp. at 335.[5]

The reasoning of *Eurine* is instructive. There Chief Judge Sanders pointed out that the plaintiff in such an action is both a plan beneficiary and an employee; therefore, she

---

5. *Diaz*, 822 F.Supp. 1258, is not to the contrary. In *Diaz* the plaintiff elected to be covered by her nonsubscribing employer's employee injury benefit plan, which contained a waiver of the right to sue for any claims unrelated to a claim for benefits. *See id.* at 1259. The plaintiff was injured while she was working. When her employer denied her claim for benefits, she brought suit, asserting theories relating to the nonpayment of benefits as well as state law negligence causes of actions. The court held the plaintiff's negligence claims were essentially for benefits under the plan. *Id.* at 1261–62. Because the terms of the plan included a waiver of the right to sue, the court held the plaintiff's negligence claims were directly related to the plan, *id.*, and were accordingly preempted by ERISA. *Id.* Unlike *Diaz*, Beverly has not alleged that Pyle signed a release and waiver form. Accordingly, Pyle's negligence claim is not contingent upon any terms of the Plan and therefore is not related to the Plan.

has both an employee-employer relationship as well as an ERISA relationship with her employer. 1991 WL 207468 at *2. The *Eurine* plaintiff's slip and fall claim arose from the employee-employer relationship, not from the ERISA relationship. *Id.* at *3. Moreover, the plaintiff, who sought damages for her personal injuries, was not seeking recovery under the plan. *Id.* at *4. Accordingly, her claim was not "related to" an ERISA plan and was not preempted.

Like the plaintiff in *Eurine*, Pyle asserts a common law negligence claim and seeks damages for her personal injuries. She does not seek Plan benefits; in fact, her negligence action is totally unrelated to the Plan. The claim arises from Pyle's employee-employer relationship with Beverly, not their ERISA relationship. Thus Pyle's negligence action is not "related to" Beverly's Plan and therefore is not preempted by ERISA.

2

■ The court next considers whether Pyle's intentional infliction of emotional distress and breach of duty of good faith and fair dealing claims "relate to" Beverly's ERISA Plan so that they are preempted. The court concludes they do.

The Fifth Circuit has held that claims of intentional infliction of emotional distress and breach of duty of good faith and fair dealing in connection with the administration of ERISA plans are preempted. *See Hogan,* 969 F.2d at 144 (claims based upon insurer's refusal to make lump sum payment of benefits under employee pension plan). Pyle alleges that Beverly intentionally inflicted emotional distress upon her and breached a duty of good faith and fair dealing when it required her to sign a waiver and release in order to receive Plan benefits for her injuries. Unlike Pyle's negligence claim, her theories of intentional infliction of emotional distress and breach of duty of good faith and fair dealing pertain directly to the administration of the Plan. The basis for these causes of action is the Plan itself. "[I]f [the] claims were stripped of their link to the [Plan], they would cease to exist." *Christopher,* 950 F.2d at 1220. Although Pyle seeks recovery on these two claims in the form of punitive damages and is not suing to recover

benefits offered by the Plan, she plainly seeks a judgment based upon conduct that relates directly to Beverly's operation of the Plan. *See id.* at 1219. Accordingly, Pyle's state law claims for intentional infliction of emotional distress and breach of duty of good faith and fair dealing "relate to" an ERISA plan and, pursuant to 29 U.S.C. § 1144(a), are preempted.

III

Although Pyle's cause of action for negligence does not "relate to" the Beverly Plan, her claims of intentional infliction of emotional distress and breach of duty of good faith and fair dealing are preempted by ERISA. Therefore, Beverly properly removed this action on the basis of ERISA. *Floerchinger,* 802 F.Supp. at 1481.

In view of the rulings of the court, the court raises *sua sponte* the question whether Beverly should be granted summary judgment dismissing Pyle's claims for intentional infliction of emotional distress and breach of duty of good faith and fair dealing. *See Arkwright–Boston Mfrs. Mut. Ins. Co. v. Aries Marine Corp.,* 932 F.2d 442, 445 (5th Cir.1991) ("district courts can definitely grant summary judgment *sua sponte,* upon proper notice to the adverse party"). Because the parties have fully briefed the preemption issue, Pyle may oppose summary judgment by adopting her current briefing. She may also elect to file a separate brief. The deadline for filing an adoptive statement or brief is 20 days from the date this opinion is filed. Beverly shall then have 20 days to respond, and Pyle shall have 15 days thereafter to file any reply.

If the court determines that summary judgment should be granted, only Pyle's negligence claim will remain. This court may exercise supplemental jurisdiction over that claim pursuant to 28 U.S.C. § 1367(a). *See Cedillo v. Valcar Enters. & Darling Del. Co., Inc.,* 773 F.Supp. 932, 939–42 (N.D.Tex.1991) (Fitzwater, J.) (discussing supplemental jurisdiction). The court may also decline to exercise such jurisdiction where, as here, the claims that permitted removal will have dropped out of the case. *See* 28 U.S.C.

§ 1367(c)(3) (court may decline to exercise supplemental jurisdiction where it has dismissed all claims over which it has original jurisdiction). In the event the court grants summary judgment as to the preempted claims, it will exercise its discretion to remand the negligence claim to state court.[6]

\*　　\*　　\*

Pyle's motion and supplemental motion to remand are denied.

**SO ORDERED.**

---

**6.** Beverly removed this action on the basis of federal question jurisdiction. *See* Not. Removal at ¶ 4. Although Pyle's state court petition alleges that she is a Texas resident (an allegation that would be insufficient to allege Texas *citizenship* ) and that Beverly is a California corporation, Beverly has not removed this action on the basis of diversity of citizenship. It is possible, of course, that Beverly's principal place of business is located in Texas, in which case diversity would be lacking. Because Pyle's state court petition does not allege this, the court is unaware whether Beverly could have removed this case on the basis of diversity jurisdiction.