**Sherry Ann WESTBROOK, Plaintiff,**

v.

**BEVERLY ENTERPRISES,**
d/b/a Andrews Nursing
Center, Defendant.

**No. MO–93–CA–186–B.**

United States District Court,
W.D. Texas,
Midland–Odessa Division.

Aug. 20, 1993.

Randy Cleveland, no pro hac vice, Monahans, TX, for plaintiff.

Jackie Robinson, Shannon, Gracey, Ratliff & Miller, Fort Worth, TX, for defendant.

## ORDER

BUNTON, Senior District Judge.

Before this Court is Defendant BEVERLY ENTERPRISES' ("Beverly" or "Defendant") Notice of Removal of the above-captioned cause from the 109th Judicial District Court, Andrews County, Texas, to this Court. Defendant filed an extensive brief in support of its Notice of Removal. The Court *Sua Sponte* has considered the Notice of Removal, and finds the cause should be remanded to the court from which it came.

## BACKGROUND

This case originated in state court as a claim for damages based solely on the alleged negligence of Beverly, in its capacity as Plaintiff's employer. On April 27, 1993, Plaintiff, while an employee of Defendant, suffered an on-the-job injury during the scope of her employment. Neither party contests that Defendant elected to not subscribe to Workers' Compensation Insurance. Instead, Defendant offered its employees an ERISA plan, under which they could elect to receive medical benefits for work related injuries. The plan contains a broad and sweeping "waiver of right to sue" clause (herein "the waiver"), which purportedly bars all suits against Beverly other than claims for benefits. Thus, Plaintiff could not submit a claim for benefits under the Texas Workers Compensation Act. After her injury, Plaintiff filed her Original Petition in state district court claiming, in essence, that her employer negligently failed to provide a safe work environment.

Defendant removed the case to this Federal District Court under the Employee Retirement Income and Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* In its Notice of Removal, Defendant claims Plaintiff's common law negligence causes of action are preempted by ERISA.

## DISCUSSION

This Court has a constant duty to examine its jurisdiction. *Save the Bay, Inc. v. United States Army,* 639 F.2d 1100, 1102 (5th Cir. 1981). Further, because federal courts have limited jurisdiction, there is generally a presumption against the existence of such jurisdiction. *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 374, 98 S.Ct. 2396, 2403, 57 L.Ed.2d 274 (1978). The party wishing to invoke federal court jurisdiction has the burden of demonstrating subject matter jurisdiction exists. *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936). Defendant primarily argues that Plaintiff's claims of common law negligence "relate to" the Defendant's ERISA plan because the claims are in reality a veiled claim for benefits under the plan. Defendant also claims ERISA preemption is implicated because the plan contains a waiver of right to sue clause which should forbid Plaintiff from asserting her negligence claims. After a careful review of Defendant's brief, it is apparent Defendant relies heavily on this Court's recent decision in *Diaz v. Texas Health Enterprises,* 822 F.Supp. 1258 (W.D.Tex.1993), in support of its two arguments regarding ERISA preemption. Based on a recent review of the prevailing law in this Circuit, the Court finds its decision in *Diaz* was in error. Thus, in regard to the case *sub judice,* the Court finds: 1) Plaintiff's claims of negligence do not "relate to" ERISA; and 2) the waiver in the ERISA plan only peripherally relates to Plaintiff's state court lawsuit and does not provide a basis for ERISA preemption and removal.

### Non–Preemption of Negligence Claims against Employers

■ Defendant argues that because Plaintiff seeks to recover medical expenses and lost wages available under the Plan as a part of her damages in the state court lawsuit, these claims therefore "related to" ERISA and are preempted.

ERISA's preemption provision affects, "all State laws insofar as they **may** now or hereafter **relate to** any employee benefit plan." 29 U.S.C. § 1144(a) (Emphasis added). The United States Supreme Court has held the phrase "relates to" should be given a broad yet common-sense meaning, and a state law claim only *relates to* a benefit plan "if it has a connection with or reference to" the ERISA plan. *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41, 45, 107 S.Ct. 1549, 1551, 95 L.Ed.2d 39 (1987). However, the ERISA "relates to" preemption is not without its limits. Specifically, the Supreme Court has instructed that "some State actions may affect employee benefit plans **in too tenuous, remote, or peripheral a manner** to warrant a finding that the law 'relates to' the plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 100, n. 21, 103 S.Ct. 2890, 2901, n. 21, 77 L.Ed.2d 490 (1983). (Emphasis added).

While the United States Fifth Circuit Court of Appeals has never addressed whether claims for negligent failure to provide a safe work environment "relate to" a benefit plan, even when asked to do so by certified question, the Fifth Circuit has recognized some claims may be too remote to warrant preemption. *See Perkins v. Time Insurance Co.*, 898 F.2d 470, 473 (5th Cir.1990) (holding ERISA does **not preempt** State law claims which do not affect the principal ERISA entities, i.e. ... the employer (in his role as administrator and not as employer), the plan fiduciaries, and the beneficiaries); *Sommers Drug Stores Co. Employee Profit Sharing Trust v. Corrigan Enterprises, Inc.*, 793 F.2d 1456 (5th Cir.1986), *cert. denied*, 479 U.S. 1034, 107 S.Ct. 884, 93 L.Ed.2d 837 (1987). Other courts have also noted some claims are too remote to warrant preemption, and have distinguished between claims made against an employer as an administrator of the plan and those which arise from the traditional employer-employee relationship. *See Amato v. Western Union Int'l, Inc.*, 773 F.2d 1402, 1416–17 (2nd Cir.1985), *cert. denied*, 474 U.S. 1113, 106 S.Ct. 1167, 89 L.Ed.2d 288 (1986) (where the court reasoned an employer can "wear two hats" both as an employer and an administrator of the plan); *Spink v. Lockheed Corporation*, 1992 WL 437985 at *3 (C.D.Cal.) ("a defendant [can be] **both an employer and [also] an administrator** of a pension plan ... subject to separate and differing responsibilities depending upon the role it is performing.") (Emphasis added).

Several Texas United States District Courts have addressed whether claims of common law negligence, similar to those of the Plaintiff, are preempted by ERISA. *See O'Neill v. Pro–Set Press, Inc.*, 1992 WL 404456 at *1–*2 (N.D.Tex. Dec. 8, 1992); *Gibson v. Wyatt Cafeterias, Inc.*, 782 F.Supp. 331, 332 (E.D.Tex.1992); *Eurine v. Wyatt Cafeterias, Inc.*, 1991 WL 206054 at *4–*5 (N.D.Tex. Aug. 21, 1991); *Nunez v. Wyatt Cafeterias, Inc.*, 771 F.Supp. 165, 169 (N.D.Tex.1991). In each of these cases, the court held state law claims for negligence were not preempted by ERISA. As the court stated in *Nunez v. Wyatt Cafeterias, Inc.*, supra, at 168–169:

> Assertion by the plaintiff of his **common law right** does not impair or affect the Plan in any respect ... [t]he fact the plaintiff's recovery in this action could be reduced by virtue of payments received by plaintiff under the Plan provides, at most, an **indirect economic impact** between the two.

(Emphasis added).

In *Nunez*, the plaintiff sued based on a work related slip-and-fall accident, asserting her employer's failure to provide a safe work environment as grounds for relief. In *O'Neill*, a recent case addressing the negligence preemption issue, the plaintiff was injured in his employer's parking lot when he was attacked by unknown third parties. The plaintiff sued, alleging his employer had failed to provide a reasonably safe and secure work place. The *O'Neill* court reasoned because the plaintiff was seeking damages for injuries "**allegedly suffered in the employee-employer relationship**", and because the plaintiff made "no attempt to tie together his

tort claim with any [claim] under the plan", preemption was not proper in light of the "well-reasoned analyses of *Eurine, Gibson,* and *Nunez.*" *O'Neill,* 1992 WL 404456, p. 2.

Furthermore, in the very recent case of *Pyle v. Beverly Enterprises–Texas, Inc.,* 1993 WL 261610 (N.D.Tex., July 14, 1993), the court addressed this issue and stated:

> Like the plaintiff in *Eurine,* Pyle asserts a **common law negligence** claim and seeks damages for her personal injuries. She does not seek Plan benefits; in fact, **her negligence action is *totally unrelated* to the Plan.** The claim arises from Pyle's employee-employer relationship with Beverly, not their ERISA relationship. Thus Pyle's negligence action is not "related to" Beverly's Plan and therefore is not preempted by ERISA.

*Id.* at *3. (Emphasis added).

The Plaintiff in this case is seeking damages for an injury she suffered at work which was allegedly caused by Beverly's failure to provide a safe place to work. The Court is of the opinion these types of claims clearly arise from the "employee-employer relationship", and not from the administration or operation of the plan. This Court is unwilling to depart from the reasoning in the district court cases noted above. Therefore, the Court concludes Plaintiff's claims for negligence do not "relate to" the benefit plan, and are not preempted by ERISA.

### The Existence of "Waiver of Right to Sue" clause does not require ERISA preemption

■ Defendant further alleges that because the plan has a "Waiver of Right to Sue" clause, Plaintiff's state court lawsuit necessarily and directly "relates to" the ERISA plan because the enforceability of the clause has been questioned. While this argument is persuasive, the Court does not agree. No Fifth Circuit Court of Appeals cases have

addressed whether a waiver of the right to sue clause creates grounds for ERISA preemption of a common law negligence suit.[1] Furthermore, the only district court case addressing this issue in this circuit was the *Diaz* decision.

Although the Fifth Circuit has not addressed this specific issue, it has addressed when a state law claim is to be considered too tenuous, remote, or peripheral to warrant preemption. *See Sommers Drug Stores v. Corrigan Enterprises, Inc.,* 793 F.2d 1456, 1467 (5th Cir.1986), *cert. denied,* 479 U.S. 1089, 107 S.Ct. 1298, 94 L.Ed.2d 154 (1987). As the court noted in *Sommers Drug,* "[t]hese cases are not easily distilled into a simple test for determining whether a state law of general application affects employee benefit plans in too tenuous, remote, or peripheral a manner to be preempted." *Id.* The *Sommers* court also noted:

> "[t]he courts appear to consider two principal factors. First, if the state law involves an exercise of **traditional state authority,** then the courts are less likely to find that it relates to a benefit plan than if it involves a state attempt to regulate an area not traditionally left to the states. Second, the courts are more likely to find that a state law relates to a benefit plan if it affects relations among the principal ERISA entities—the employer, the plan, the plan fiduciaries, and the beneficiaries—than if it affects relations between one of these entities and outside party, or between two outside parties with only an incidental effect on the plan.

*Id.* (Emphasis added) (citations omitted).

Applying the first principal in *Sommers* to the case at bar indicates that Plaintiff's claims are based on a "traditional state authority." Plaintiff's claims are "based on common law principles that find their origins in Texas case law dating back to the 1870's." *Nunez,* 771 F.Supp. at 167; *see generally*

---

1. Defendant relies heavily on other Circuit Court of Appeals decisions which have held a "Waiver of Right to Sue" clause may be grounds for preemption of a state court law suit. *See Van Camp v. AT & T Information Systems,* 963 F.2d 119 (6th Cir.1992) (holding state court suit based on state discrimination law was preempted); *see also Rodriguez–Abreu v. Chase Manhattan Bank,*

986 F.2d 580 (1st Cir.1993). Because these cases are persuasive authority this Court is not bound by them. Absent a determination by the 5th Circuit to the contrary, which this Court invites, this Court is free to determine that these types of waiver provisions do not require ERISA preemption.

*International & Great Northern Railroad Co. v. Doyle,* 49 Tex. 190 (1878). Furthermore, "[t]he rights plaintiff asserts in this action are entirely independent of the Plan ... [and] [t]hey would exist, and plaintiff presumably would assert them, **even if the Plan were not in existence.**" *Nunez,* 771 F.Supp. at 167 (Emphasis added); *see also Gibson,* 782 F.Supp. at 335 ("the existence of a plan was not a critical factor, but only incidental to the state [negligence] claims.")

Similarly, while the enforceability of the waiver indirectly affects the ERISA plan, the validity of these types of waivers has also traditionally been subject to and determined by state authority. Any effect of the waiver, or its enforceability, can therefore be determined in state court. Furthermore, the waiver and the state court lawsuit involve the relationship between "the principal ERISA entities—the employer ... and the beneficiaries", and it has "only an incidental effect on the plan." *Sommers,* 793 F.2d at 1467. As noted, Plaintiff's lawsuit arises from, and primarily affects, Plaintiff's "employee-employer relationship with Beverly, [and] not their ERISA relationship." *Pyle,* supra, at *4.

Likewise, Defendant's waiver primarily involves Beverly's position as Plaintiff's employer, and does not involve Beverly as plan provider or even the plan itself. This type of waiver should not become "a vehicle for [the] possible avoidance of common law actions such as this [and] does not provide the legal relationship essential to preemption." *Nunez,* 771 F.Supp. at 169. Thus, under the second factor in *Sommers,* it is clear Plaintiff's state court suit and the waiver primarily affects the "employer-employee" relationship and not their relationship as ERISA entities. A finding that the waiver affects the Plan in too peripheral, tenuous, or remote manner is therefore proper. For the Court to hold otherwise would be inconsistent with Plaintiff's right to pursue her common law claims for negligence. Defendant's use of the waiver is another attempt to avoid common law liability and state court, yet enjoy the benefit of not having to subscribe to Workers' Compensation Insurance. As the court in *Nunez* explained:

The Plan [and the waiver are] undoubtedly ... a part of the ongoing effort of the business community to find a means of avoiding without undue financial risks what it views to be an abominable worker's compensation liability system in Texas. If defendant were to prevail on its preemption theory, the Plan [and the waiver] and ... [the] like would in all probability administer the *coup de grace* to the Texas system. [Furthermore] ERISA's goal is to protect employee benefits, not to provide succor for schemes that are designed to take rights from employees.

*Id.* at 167, 169.

This Court is not prepared, in the absence of direction from the Fifth Circuit, to approve the use of "waiver of right to sue" clauses which were arguably designed as a "scheme" to implicate ERISA preemption. Accordingly,

IT IS ORDERED the above-captioned cause be, and is hereby REMANDED to the 109th Judicial District Court, Andrews County, Texas.

IT IS FINALLY ORDERED any relief not expressly provided for herein is DENIED.