Edna "Joyce" McMULLEN, Plaintiff,

v.

PILGRIM'S PRIDE CORPORATION,
Defendant.

No. CIV. A. 9:00–CV–110.

United States District Court,
E.D. Texas,
Lufkin Division.

July 18, 2000.

Thomas N Thurlow, Pearson Grimes III, Thomas N. Thurlow & Associates, Inc., Houston, TX, for Plaintiff.

Levi Glenn McCathern II, Macathern, Mooty, Buffington, Dallas, TX, for Defendant.

## ORDER GRANTING MOTION TO REMAND

COBB, District Judge.

Before this court is Plaintiffs' Motion to Remand [Dkt. # 9] and the court having considered the Motion and response on file is of the opinion that the motion should be GRANTED and the case should be REMANDED.

■ The defendant, Pilgrim's Pride argues this court has removal jurisdiction over the present case because plaintiff's claims arise under federal law, specifically, the Employee Retirement Income Security Act of 1974 ("ERISA"). ERISA is designed to provide national regulations regarding the conduct and treatment of certain types of benefit plans offered by employers. 29 U.S.C. § 1001(b). Among other things, ERISA preempts any state law claim which "relates to" an ERISA employee benefit plan. 29 U.S.C. § 1144(a). Pilgrim's Pride argues plaintiff's suit fits within the scope of this preemption because it relates to such a plan.

■ Pilgrim's Pride points to the plaintiff's deposition where, it claims, plaintiff admitted that her suit was for the denial of treatment and benefits under the company's plan.[1] The defense counsel's

---

1. The deposition relevant testimony is as fol-        lows:

attempts to get the plaintiff to admit that she is suing for something other than her injuries will not vest this court with jurisdiction. Her testimony is irrelevant to the jurisdiction determination as the plaintiff's petition only asserts causes of action for her employer's negligence in failing to maintain a safe workplace. The petition does not assert a cause of action for benefits under the plan, nor does it assert that her claim was improperly processed. The plaintiff is the master of her complaint and may choose to pursue state law causes of action even though federal causes of action are available. *See Merrell Dow Pharmaceuticals v. Thompson,* 478 U.S. 804, 809, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986).

In *Hook v. Morrison Milling Co.,* 38 F.3d 776 (5th Cir.1994) Judge DeMoss, with whom this judge sat by designation, wrote the majority opinion holding that a common law negligence suit between an employer and employee did not relate to an ERISA plan for purposes of ERISA preemption.[2] Like the present case, the plaintiff in *Hook,* asserted a common law negligence claim despite the fact that she had signed a waiver of her common law and Texas Workers' Compensation Act claims in exchange for benefits under the plan. The plaintiff only sought damages for her employer's negligence, not for benefits or for the improper processing of her claim. "[A] common law negligence claim which alleges only that an employer failed to maintain a safe workplace does not 're-late to' an ERISA plan merely because the employer has inserted a waiver of the right to bring such a claim into its ERISA plan." *Id.* at 786. The plaintiff's petition only asserts state law claims and is not preempted by ERISA therefore, the court does not have removal jurisdiction to hear the case.

It is therefore ORDERED, that the Plaintiffs' Motion to Remand is hereby GRANTED. This case is REMANDED to the 217th Judicial District Court in Angelina County, Texas, from whence it was removed.

---

Q: ... I'd like to ask you to tell me in your own words why you filed the lawsuit.
A: Okay. Because I was treated unfairly due to the fact that I did not get my treatments or seeing a doctor or the rehab, it was cut off.
Q: Okay. So tell me if I'm wrong, but what I'm hearing you say is that in your suit you feel like you were denied benefits, medical care. Is that fair?
A: And I was injured.

Q: Okay. And you were injured there and you feel like they didn't give you the benefits that you were entitled to get. Is that fair?
A: Yes, as an employee.

2. Several district courts had anticipated this holding. *See Westbrook v. Beverly Enters.,* 832 F.Supp. 188, 191–92 (W.D.Tex.1993); *Pyle v. Beverly Enters.-Texas,* 826 F.Supp. 206, 210–11 (N.D.Tex.1993).