Armando Jose NUNEZ, Plaintiff,

v.

WYATT CAFETERIAS, INC., Defendant.

Civ. A. No. 4–91–484–A.

United States District Court,
N.D. Texas,
Fort Worth Division.

Aug. 21, 1991.

---

Travis Richard Alley, Alley & Alley, Fort Worth, Tex., for plaintiff.

Kent Royce Smith, Bettye S. Springer, Haynes & Boone, Fort Worth, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER

McBRYDE, District Judge.

The court has determined, *sua sponte*, that the above-styled and numbered action should be remanded to state court due to lack of subject matter jurisdiction. Because of the limited nature of federal court jurisdiction, there is a presumption against its existence. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374, 98 S.Ct. 2396, 2403, 57 L.Ed.2d 274 (1978); *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936).

A party who seeks to invoke federal court jurisdiction has the burden to demonstrate that subject matter jurisdiction exists. *McNutt*, 298 U.S. at 178, 56 S.Ct. at 780; *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921). Defendant has failed to make such a showing in this action.

### Procedural History

This common law negligence action was instituted in state court for recovery by Armando Jose Nunez, plaintiff, from Wyatt Cafeterias, Inc., defendant, of judgment compensating him for damages he allegedly sustained by reason of injuries he suffered as the result of a slip-and-fall accident he had on defendant's premises while he was engaged in work as an employee of defendant. Plaintiff alleges as his grounds of liability against defendant that defendant failed to provide him a safe place to work and failed to properly train him in his job duties. He alleges that by reason of the accident he (i) has suffered severe and painful bodily injuries, which caused him to have debilitating conditions and ill effects that are permanent and will affect him during his entire life, (ii) will incur future expenses for his medical care and attention, and (iii) has suffered a loss in wages.

Defendant filed a notice of removal, removing the action to this court on July 5, 1991. Plaintiff has not moved to remand. The only basis for federal court subject matter jurisdiction suggested by the defendant's notice is preemption under the Employee Retirement Income Security Act of 1974, as amended, ("ERISA"), 29 U.S.C. § 1001–1461. The predicate for the preemption claim is said to be the existence of a plan entitled "Wyatt's Cafeterias, Inc. and Subsidiaries Employee Injury Benefit Plan" (hereinafter "Plan"), a copy of which is attached to the notice as Exhibit A.

Contemporaneously with the filing of its notice of removal, defendant filed its motion to dismiss and supporting brief in which it states with greater specificity the basis of its claim of preemption. It acknowledges that the action is a negligence action and points out that it is not a sub-

scriber to a policy of workers' compensation insurance of a kind contemplated by Texas law. Then, defendant notes that the recovery sought by plaintiff in this action includes elements, in the form of medical expenses and lost wages, that are treated in the Plan. From there, defendant reasons that the preemption section of ERISA, 29 U.S.C. § 1144(a), operates on plaintiff's action and thereby causes there to be federal question subject matter jurisdiction.

### The Plan and its "Relationship" to the Texas Workers' Compensation/Employers' Liability System

The Plan undoubtedly is a part of the ongoing effort [1] of the business community to find a means of avoiding without undue financial risk what it views to be an abominable workers' compensation/employers' liability system in Texas. If defendant were to prevail on its preemption theory, the Plan and its like would in all probability administer the *coup de grace* to the Texas system.

The court is assuming for the sake of discussion in this opinion that the Plan is an "employee welfare benefit plan", as that term is defined in 29 U.S.C. 1002(1), and an "employee benefit plan" and "plan", as those words are defined in 29 U.S.C. § 1002(3).[2] The conclusion then follows that if the laws of Texas that give plaintiff a right to institute and prosecute a personal injury action against defendant "relate to" the Plan, in the sense contemplated by § 1144, those laws have been superseded (preempted) by the provisions of ERISA.

The stated purpose of the Plan is expressed in its paragraph 1.2:

1.2 *Purpose.* The purpose of the Plan is to provide (i) medical benefits for Participants who sustain an Injury; (ii) short-term wage replacement benefits for those Participants; (iii) dismemberment benefits to Participants who sus-

tain an Injury; and (iv) death benefits to the estate of a deceased Participant who sustains an Injury.

Plan at 1. The term "Injury", as it is used in the "Purpose" clause, means "an on-the-job injury which occurs in the course and scope of employment, and in the furtherance of the business of the Employer." *Id.* at 2. Defendant is an "Employer" under the terms of the Plan. The court assumes for the purpose of this memorandum opinion that plaintiff is a "Participant", as that term is used in the Plan.

The Plan does not mention common law actions that might be brought by a participant against the employer. On its face it appears to be nothing more than a program to provide, on the bases described in the Plan, limited medical and wage replacement, and specified dismemberment and death, benefits for a participant who suffers an on-the-job injury under circumstances described in the Plan. There is nothing about plaintiff's personal injury action against defendant that is inconsistent with, or contravenes, any provision of the Plan. The action is not predicated, premised or based on the Plan or anything having to do with it.

Plaintiff's action is based on common law principles that find their origins in Texas case law dating back to the 1870's. *See generally International & Great Northern Railroad Co. v. Doyle*, 49 Tex. 190 (1878). When the Texas Legislature put a workers' compensation law into effect in 1917 it, for all practical purposes, abolished the right of an employee to bring a common law action against an employer having workers' compensation insurance coverage. *See* Tex.Rev.Civ.Stat.Ann. art. 8306, § 3a (Vernon 1967) (now repealed). However, the Legislature preserved the common law right of action for the employees of an employer who elected not to carry workers' compensation insurance coverage, and enhanced those rights by a statutory provi-

---

1. *See generally Tarrant County Waste Disposal, Inc. v. Doss,* 737 S.W.2d 607, 611 (Tex.Civ.App.— Fort Worth 1987, writ denied) for an example of use of a similar plan in lieu of workers' compensation coverage.

2. These terms would be misnomers for the Plan if defendant prevails. In that event, it would more accurately be called an "employee detriment plan" because its effect would be to deprive employees of valuable rights they had before adoption of the Plan.

sion that prevented an employer in such an action from asserting defenses that theretofore had been available to employers. *See Id.* §§ 1 & 4. In other words, as an incentive to encourage employers to become subscribers under the workers' compensation laws, the Texas Legislature stripped non-subscribers of the defenses of contributory negligence, negligence of a fellow employee, and assumed risk of the employee, which had existed under common law. This same statutory scheme was brought forward into the 1989 revision of the Texas Workers' Compensation Act, which became effective January 1, 1991. *See* Tex.Rev.Civ.Stat.Ann. art. 8308–3.03 & 3.04 (Vernon Pam.1991).

By the bringing of this action plaintiff has but exercised his common law rights, as those rights have been enhanced by the workers' compensation laws of Texas, to recover from defendant, a non-subscriber, if he is able to prove that defendant failed to comply with its common law duties to plaintiff. The rights plaintiff asserts in this action are entirely independent of the Plan. They would exist, and plaintiff presumably would assert them, even if the Plan were not in existence.

The only potential financial relationship between the Plan and this action is that plaintiff's recovery in this action could be reduced by collection of benefits under the Plan inasmuch as the Plan does not constitute a collateral source. *See Tarrant County Waste Disposal, Inc.*, 737 S.W.2d at 611. However, the court judicially knows that plans such as this have been adopted by employers in lieu of workers' compensation insurance coverage in order to avoid the high cost of workers' compensation insurance while, at the same time, providing sufficient benefits to an injured employee that he might be discouraged from contacting an attorney in reference to the possibility of bringing a common law action against the employer. Defendant's request is that the effect of the Plan be stretched to the point of destroying such a possibility.

*The Laws of Texas that Govern Plaintiff's Action Against Defendant do Not "Relate to" the Plan Within the Contemplation of 28 U.S.C. § 1144*

Defendant has invited the court to seek guidance on the preemption issue from the decision of the Second Circuit in *Aetna Life Insurance Co. v. Borges*, 869 F.2d 142 (2nd Cir.1989), *cert. denied*, 493 U.S. 811, 110 S.Ct. 57, 107 L.Ed.2d 25 (1989). Brief in Support of Motion to Dismiss at 3–4. Specifically, defendant urges the court to fit this action into the "provide alternative cause of action to employees to collect benefits protected by ERISA" category identified by the Second Circuit as one of the categories of claims that have been ruled to have been preempted by ERISA. *Borges*, 869 F.2d at 146. Defendant reads *Borges* too enthusiastically. The Second Circuit explained on page 146 of its opinion that:

> Generalizing from these cases, we find that laws that have been ruled preempted are those that provide an alternative cause of action to employees to collect benefits protected by ERISA, refer specifically to ERISA plans and apply solely to them, or interfere with the calculation of benefits owed to an employee. Those that have not been preempted are laws of general application—often traditional exercises of state power or regulatory authority—whose effect on ERISA plans is incidental.

The laws of the State of Texas upon which plaintiff bases this action do not provide an alternative cause of action to employees to collect benefits protected by ERISA. Rather, the laws upon which plaintiff relies are of general application whose effect, if there is any, on the Plan is only incidental. Plaintiff has the right to pursue both avenues of relief—that is, plaintiff can collect benefits under the Plan and, at the same time, pursue the common law rights he is asserting in this action. His common law action against defendant was not inspired by the Plan. The rights of plaintiff upon which this action is predicated would exist without regard to existence, *vel non*, of the Plan. Assertion by plaintiff of his common law rights does not impair or affect the Plan in any respect,

nor does the Plan impair or affect in any respect plaintiff's common law rights. The fact that plaintiff's recovery in this action could be reduced by virtue of payments received by plaintiff under the Plan provides, at most, an indirect economic impact between the two. Somewhat apropos to the instant action is the discussion of the Second Circuit in *Borges* of things it had explained earlier in *Rebaldo v. Cuomo*, 749 F.2d 133 (2nd Cir.1984), *cert. denied*, 472 U.S. 1008, 105 S.Ct. 2702, 86 L.Ed.2d 718 (1985)[3]:

> In *Rebaldo*, we further defined what constitutes incidental impact. We noted that indirect economic impact alone did not conflict with ERISA's aim of national uniformity in plan regulation because there is "no valid reason why employee benefit plans cannot be subject to nationally uniform supervision despite dissimilarities in their costs of doing business." 749 F.2d at 139. We said that where a state statute of general application "does not affect the structure, the administration, or the type of benefits provided by an ERISA plan, the mere fact that the statute has some economic impact on the plan does not require that the statute be invalidated." *Id.*
>
> In focusing on the impact on "the structure, the administration, or the type of benefits provided by an ERISA plan," we did not mean that any impact in these areas, no matter how peripheral, was sufficient to trigger preemption. As with economic impact, many state laws of general application have some minimal, indirect impact on the administration of benefit plans, including laws that have been held not preempted.

*Borges*, 869 F.2d at 146.

In summary, the court explained:

> What triggers ERISA preemption is not just any indirect effect on administrative procedures but rather an effect on the primary administrative functions of benefit plans, such as determining an employee's eligibility for a benefit and the amount of that benefit.

*Id.* at 146–47. An application to this action of the standards mentioned in *Borges* leads to the conclusion that the state laws upon which plaintiff has brought his action do not trigger ERISA preemption.

Plaintiff's complaint in this action makes no statement which ties together his tort claim with any claim under the Plan, nor has defendant suggested in its notice of removal, motion to dismiss or supporting brief any connection between the two in such a way that one "relates to" the other in the statutory sense. *Cf. Clark v. Coats & Clark, Inc.*, 865 F.2d 1237 (11th Cir. 1989). There being no relation between plaintiff's action and the Plan in such a sense, there is no preemption and there has been no showing that this court has subject matter jurisdiction. The unstated purpose of the Plan to give defendant, through the Plan, a vehicle for possible avoidance of common law actions such as this does not provide the legal relationship essential to preemption. ERISA's goal is to protect employee benefits, not to provide succor for schemes that are designed to take rights from employees.

### ORDER

The court, therefore ORDERS that this action be, and is hereby, remanded to the state court from which it was removed.

---

**3.** In *Memorial Hospital System v. Northbrook Life Insurance Co.* the Fifth Circuit cited, and quoted from, *Rebaldo* with approval. 904 F.2d 236, 250 (5th Cir.1990).