Loretta **GIBSON**

v.

**WYATT CAFETERIAS, INC.**

**No. 1:91 CV 865.**

United States District Court,
E.D. Texas,
Beaumont Division.

Jan. 24, 1992.

Woodson Ernest Dryden, Robert C. Grossheim, Dryden, Grossheim & Sutton, Beaumont, Tex., for plaintiff.

Bettye S. Springer, Amy L. Nickell, Hayes & Boone, Fort Worth, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND

SCHELL, District Judge.

CAME ON TO BE CONSIDERED the plaintiff, Loretta Gibson's, Motion to Remand in this cause. The court, after considering the motion, the defendant's reply, and the pleadings of record, is of the opinion that the Motion to Remand should be GRANTED.

### FACTS

Plaintiff filed suit to recover damages arising from an alleged workplace injury in which she seeks recovery for medical expenses, loss of earning capacity, and pain and suffering based on state common law negligence claims. Defendant removed plaintiff's suit to this court based upon the contention that the suit is preempted by ERISA. Plaintiff then filed this Motion to Remand.

It is undisputed that defendant is a non-subscriber under the Texas Workers Compensation Act ("the Act"). (Tex.Rev.Civ. Stat.Ann. art. 8306 has been repealed and replaced by art. 8308 et seq.). The Act allows employers to elect either to subscribe to the Texas Workers Compensation scheme by purchasing worker's compensation insurance, or to not subscribe. Defen-

dant chose to be a non-subscriber under the Act.

Defendant claims that in lieu of subscribing, it established an Employee Injury Benefit Plan ("the Plan") to provide benefits, including but not limited to medical expenses and wage continuation for employees who are injured during the course and scope of their employment. Plaintiff was allegedly injured during the course and scope of her employment on or about December 8, 1990. Shortly thereafter she began receiving medical and wage continuation benefits pursuant to the Plan.

Defendant claims that because plaintiff, in her lawsuit, seeks to recover medical expenses and lost wages, the claim is one that falls under the Plan and must necessarily be a claim against the Plan. Therefore, defendant contends that plaintiff's suit "relates to" an employee benefit plan and is preempted by the Employee Retirement Income Security Act of 1974 ("ERISA").

### THE LAW

#### A. Prohibition on Removal under 28 U.S.C. § 1445(c)?

Plaintiff claims that this civil action should not have been removed to federal court because it arises under the Act. 28 U.S.C. § 1445(c) provides:

> [a] civil action in any State court arising under the workmen's compensation laws of such state may not be removed to any district court of the United States.

Plaintiff takes the position that even when an employer elects not to subscribe under the Act, a negligence action brought against the employer is still one which *arises under* the Act. The plaintiff cites *Foust v. City Insurance Company*, 704 F.Supp. 752, 753 (W.D.Tex.1989) and *Britt v. Suckle*, 453 F.Supp. 987, 993 (E.D.Tex. 1978) among other cases. The reasoning of *Britt* appears to be that because the Act takes away certain defenses of a non-subscribing employer, negligence claims against the employer, which are completely provided for and described in the Act, are created by the Act. *Britt* elaborates that the Act provides for three categories of claims:

(1) administrative claims by employees of subscribers; (2) negligence actions by employees of nonsubscribers in which common law defenses *are not* available; and (3) negligence actions of employees of subscribers wherein common law defenses *are* available.

*Britt* at 994.

The plaintiff's contention essentially is that, notwithstanding the fact that state common law provided for a cause of action for damages based upon negligence long before the enactment of Texas workers compensation laws, this negligence claim arises from the Act because the Act not only permits such a claim, but also enhances such a claim by stripping the non-subscribing employer of its common law defenses. Tex.Rev.Civ.Stat.Ann. art. 8306, sec. 1 and 4.

Plaintiff disagrees with a portion of the holding in the case of *Eurine v. Wyatt Cafeterias, Inc.*, No. 3–91–0408–H, 1991 WL 207468 (N.D.Tex., Aug. 21, 1991). There, the court held that a personal injury suit against a non-subscribing employer does not *arise under* the Act and, therefore, removal of the case is not barred by § 1445(c). (The case was remanded for a different reason, which will be discussed later.) The court's reasoning ·was the following:

> Therefore, for the purposes of § 1445(c), a cause of action arises under a state's workers' compensation laws if the cause of action is created by the workers' compensation statute. A cause of action does not arise under workers' compensation laws merely because the workers' compensation statute deprives the defendant of certain defenses to the cause of action.

> Any liability for the state common law claims asserted here existed long before the enactment of the first Texas workers' compensation statute in 1917. Thus, these causes of action were not created by the workers' compensation laws and do not arise under them.

*Eurine* at page 3.

Although the Act obviously did not create the cause of action for negligence in Texas, it is apparent that an employee would not have a negligence claim free of certain defenses without the Act. Prior to the Act, an employee could sue his employer, but he had to contend with certain defenses. The Act provided for a negligence claim free from these defenses. The plaintiff, therefore, urges this court to hold that her civil action arises under the Act and cannot be removed to this court by virtue of 28 U.S.C. § 1445(c).

■ This court declines to base its decision in this case on the "arising under" language of 28 U.S.C. § 1445(c) because such a determination is unnecessary to the disposition of this motion to remand. Whether this civil action arises under the Act or under common law, the result is the same. In both instances the case must be remanded, since the plaintiff's asserted state law claims are not preempted by ERISA.

**B. No ERISA Preemption Even If Removal Was Not Prohibited.**

ERISA's express preemption provision is contained in 29 U.S.C. § 1144(a) which states:

> [e]xcept as provided in subsection (b) of this section, the provisions of this title and title IV shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b). . . .

Defendant asserts that plaintiff's state law claims are for Plan benefits. It follows, according to the defendant, that such claims clearly "relate to" the Plan and, therefore, are preempted by ERISA.

■ In *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987), the plaintiff incurred a work-related injury in which he was paid benefits under his employer's ERISA-regulated welfare benefit plan. After a couple of years the payments to plaintiff were discontinued. Plaintiff brought a state common law tort and contract action as-

serting improper processing of a claim for benefits under an insured employee benefit plan. The Court held that ERISA preempted plaintiff's state law claims because the common law causes of action "relate[d] to" an employee benefit plan. The Court noted that the phrase "relate to" should be given a broad common-sense meaning and that a state law relates to a benefit plan "if it has a connection with or reference to" such an ERISA plan. *Pilot Life,* 107 S.Ct. at 1553. To be preempted, a state law does not have to be specifically designed to affect employee benefit plans. *Id.*

Further, on the same day the Supreme Court rendered a decision in *Pilot Life,* it decided *Metropolitan Life Insurance Company v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) which held that state common law claims preempted by ERISA (as in *Pilot Life* ) are also displaced by ERISA's civil enforcement provisions.

Defendant also relies upon *Ingersoll–Rand Co. v. McClendon,* — U.S. —, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990) in which the Court held that ERISA preempted the plaintiff's common law claim that he was unlawfully discharged to prevent his attainment of benefits under an ERISA-covered plan. In *Ingersoll–Rand,* the Court determined that to establish liability under the wrongful discharge claim, the existence of a pension plan was a critical factor. *Id.* 111 S.Ct. at 483. Furthermore, without the plan, there would have been no cause of action. *Id.* at 484. The same reasoning applies to both *Pilot Life* and *Metropolitan Life* because the existence of a benefit plan was a critical factor in establishing liability. There would have been no cause of action had there been no plan. However, in *Eurine,* the plaintiff sought damages for personal injuries. The existence of a plan was not a critical factor, but only incidental to the state claims. As in *Eurine,* the claim here is for damages for personal injuries, not for benefits under the Plan.

Although these Supreme Court cases define "relate to" in a broad sense, the ERISA preemption clause has limits. "Some state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan." *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 100 n. 21, 103 S.Ct. 2890, 2901 n. 21, 77 L.Ed.2d 490 n. 21 (1983). Relying upon this language in *Shaw,* the Fifth Circuit held in *Sommers Drug Stores Co. Employee Profit Sharing Trust v. Corrigan Enterprises, Inc.,* 793 F.2d 1456 (5th Cir.1986), *reh'g denied,* 797 F.2d 977, *cert. denied,* 479 U.S. 1034, 107 S.Ct. 884, 93 L.Ed.2d 837 (1987) that ERISA did not preempt state law breach of fiduciary duty claims.

In *Perkins v. Time Insurance Co.,* 898 F.2d 470 (5th Cir.1990), the court held that a claim of fraudulent inducement to surrender an existing policy in order to participate in an ERISA plan was not preempted by ERISA because the claim "relates to" the plan only indirectly. ERISA does not preempt state law claims that do not affect the relations among the principal ERISA entities: the employer, the plan fiduciaries, the plan, and the beneficiaries. *Perkins* at 473.

There have been three federal district court cases which specifically dealt with the issue of whether a personal injury claim against a non-subscribing employer under the Act is preempted by ERISA. All three were decided in the Northern District of Texas and decided against ERISA preemption and in favor of remand. *See, Benson v. Wyatt Cafeterias, Inc.,* 780 F.Supp. 1132 (N.D.Tex.1991); *Nunez v. Wyatt Cafeterias, Inc.,* 771 F.Supp. 165 (N.D.Tex. 1991); and *Eurine v. Wyatt Cafeterias, Inc.,* No. 3–91–0408–H, 1991 WL 207468 (N.D.Tex., Aug. 21, 1991), which was briefly discussed earlier.

In *Eurine,* the court first determined that a claim based upon negligence against a non-subscribing employer does not arise under the Act and, therefore, is not barred from removal by 28 U.S.C. § 1445(c). Following *Sommers* on the question of § 1144(a) preemption, the court stated that to determine whether a state cause of action is "too tenuous, remote, or peripheral" to relate to the plan, one factor to consider is whether the state common law claim

affects the relations among the principal ERISA entities, such as the employer and the plan beneficiaries. The *Eurine* court determined that the plaintiff had a relationship with the defendant both as a plan beneficiary and as an employee. While ERISA governs the beneficiary relationship, state law governs the employee-employer relationship. The court found that the plaintiff's claim for damages following a slip-and-fall accident did not arise out of the parties' ERISA relationship, but rather out of their employee-employer relationship. Further, the plaintiff was not seeking benefits under the plan, but rather damages for her personal injuries, the liability for which did not depend upon the existence of an ERISA plan. Therefore, the *Eurine* court found that the plaintiff's state law claim was unrelated to the defendant's plan and, consequently, not preempted by ERISA.

In *Nunez*, the plaintiff-employee was also injured in a slip-and-fall accident while employed by Wyatt Cafeterias. The court noted that Wyatt's Plan provides for limited benefits, such as medical expenses and wage replacement, as well as specified dismemberment and death benefits for employees who suffer injuries under circumstances described by the Plan. In *Nunez*, the court held that the plaintiff's action is not inconsistent with the Plan and is not predicated upon the Plan. Plaintiff's common law rights were found to be independent of the Plan, for plaintiff would have them even if no plan existed. Like *Eurine*, the court in *Nunez* determined that the only relationship between the Plan and the state cause of action is that plaintiff's recovery could be reduced by benefits already collected under the Plan. Any effect on the Plan is only incidental.

Defendant cites *Lee v. E.I. DuPont de Nemours and Co.*, 894 F.2d 755, 756 (5th Cir.1990) for the proposition that ERISA preempts state law claims "even if the action arises under general state law that in and of itself had no impact on employee benefit plans." *Lee* is distinguishable from the present case because the plaintiffs there were suing for additional monthly benefits they would have been entitled to had they retired under another early retirement program. The existence of the plan and the benefits under it were the focal point of the case. The claim in *Lee* was related to a benefit plan because without the plan the cause of action would not have existed.

CONCLUSION

This court agrees with the decisions in the Northern District of Texas cases. Plaintiff's claim is unrelated to the defendant's Plan. Plaintiff does not seek to recover benefits under the Plan even though any recovery may be reduced by payments already made from the Plan. In *Hartle v. Packard Electric*, 877 F.2d 354 (5th Cir.1989), the Fifth Circuit stated that the purpose of 29 U.S.C. § 1144(a) is to "establish pension plan regulation as exclusively a federal concern." *Id.* at 355. The plaintiff there claimed that since he would be eligible for retirement benefits in 2002, he had a fixed-term employment contract until that year. The court held that the action did not implicate the federal regulation of employee benefit plans and was not an action to recover benefits under a plan. *Id.* at 356. Further, the action did not entail the processing of claims for benefits under a plan. *Id.*

In the present case, the action does not implicate federal regulation of employee benefit plans. Despite the defendant's efforts to couch plaintiff's lawsuit here as one for benefits under the Plan, it is not. Plaintiff does not seek the benefits provided under defendant's Plan, but rather personal injury damages through a common law negligence cause of action that is completely unrelated to the Plan. As a result, there is no ERISA preemption of this action under § 1144(a) and this court is without subject matter jurisdiction.

IT IS, therefore, ORDERED that the plaintiff's Motion to Remand is hereby GRANTED, and this case is hereby REMANDED to the state court from which it was removed.