**Roberto LAZO, Plaintiff,**

v.

**INLAND SALES COMPANY, Defendant,**

v.

**LUMBERMENS MUTUAL CASUALTY COMPANY, a Kemper Insurance Company, et al., Third–Party Defendants.**

**Civil A. No. 3:95–CV–0907–G.**

United States District Court,
N.D. Texas,
Dallas Division.

Dec. 14, 1995.

Brenda Jeffers Damuth, Robert W. Hartson, Inc., Dallas, TX, for Robert Lazo.

Eugene John Emmett, Law Office of John Emmett, Dallas, TX, for Inland Sales Co.

Gwendolyn Yeager Burkett, Riddle & Associates, Dallas, TX, for Lumbermens Mutual Casualty Co.

James Leroy Johnson, Law Office of James L. Johnson, Dallas, TX, for Life Insurance Company of North America.

## MEMORANDUM ORDER

FISH, District Judge.

Before the court is the motion of the defendant Inland Sales Company ("Inland") to remand this case to the state district court from which it was previously removed. For the following reasons, the motion is granted in part and denied in part.

### I. BACKGROUND

On November 14, 1994, plaintiff Robert Lazo ("Lazo") filed a civil action against Inland in the 68th District Court of Dallas County, Texas, styled *Robert Lazo v. Inland Sales Company*, No. 94–11834. In this case, Lazo sought $100,000 in damages allegedly caused by Inland's negligence. Notice of Removal 1–2.[1]

On April 13, 1995, Inland filed a third party petition against Life Insurance Company of North America ("LINA") and Lumbermens Mutual Casualty Company ("Lumbermens"). Notice of Removal at 3. The third party petition alleges that because Inland purchased insurance policies from LINA and from Lumbermens, Inland is "entitled to indemnification and/or contribution from the Third Party Defendants, for any damages recovered by [Lazo], up to the policy limits of each respective policy...." Petition Naming the Third Party Defendants at 2.

LINA filed a notice of removal on May 15, 1995, asserting that the case is removable to this court on the basis of a federal question, *viz.*, whether Inland's state law claims are pre-empted by the exclusive remedies of the Employee Retirement Income Security Act

---

1. A copy of the plaintiff's original petition was not included with the notice of removal.

of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* Notice of Removal at 4.

## II. *ANALYSIS*

### A. *The Original Claim*

■ Lazo's common law tort claim is not pre-empted by ERISA because he is not making a claim for benefits under an ERISA plan. The claim is independent of any ERISA plan because Lazo could assert his claim even if no plan existed. *Nunez v. Wyatt Cafeterias, Inc.*, 771 F.Supp. 165, 168 (N.D.Tex.1991). Lazo's claim does not depend on any of the terms of a plan and is thus unrelated to an ERISA plan. *Pyle v. Beverly Enterprises–Texas, Inc.*, 826 F.Supp. 206, 210 n. 5 (N.D.Tex.1993). Not being rooted in the existence of an employee benefit plan, Lazo's claim against Inland is not pre-empted by ERISA, and it may appropriately be remanded to state court. *See Hook v. Morrison Milling Company*, 38 F.3d 776, 786 (5th Cir.1994).

### B. *The Third Party Claims*

■ Inland's third party claims against LINA and Lumbermen for indemnity and contribution do, however, relate to the existence of an employee benefit plan subject to the terms of ERISA.[2] Inland's claims for indemnification and contribution fall within the enforcement provisions of 29 U.S.C. § 1132(a)(3)(B)(ii), which states:

§ 1132. Civil enforcement

(a) Persons empowered to bring a civil action

A civil action may be brought—

\* \* \* \* \* \*

(3) by a participant, beneficiary, or fiduciary ... (B) to obtain other appropriate equitable relief ... (ii) to enforce any provisions of this subchapter or the terms of the plan.

■ The Fifth Circuit has devised a test for determining whether a state law claim is pre-empted by ERISA. A state law claim is pre-empted if (1) the claim addresses areas of exclusive federal concern, such as the right to receive benefits under an ERISA plan, and (2) the claim directly affects the relationship among the traditional ERISA entities (*i.e.*, plan administrators/fiduciaries and plan participants/beneficiaries). *Hook*, above, 38 F.3d at 781. The third party claims for indemnification and contribution here arise from an insurance contract that Inland entered into with the insurers. Because these claims involve benefits under an ERISA plan, and because Inland and the third party defendants are "traditional ERISA entities," the third party claims satisfy both elements of the Fifth Circuit's test and are thus pre-empted by federal law.

■ Although Inland's claims against the insurance companies are related to Lazo's tort claim, the third party claims are "separate and independent" from the main cause of action. *See Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury*, 622 F.2d 133, 135 (5th Cir.1980).[3] Because the controversy between Inland and the insurance companies is independent of the main claim and because the third party claims raise a federal question, this court has jurisdiction over the third party claims.[4]

---

2. Inland has not contested the existence of an ERISA plan and Lumbermen has not responded to Inland's notice of removal.

3. The Fifth Circuit has held that when a third party complaint seeks indemnity based on a separate obligation owed the defendant, there is a separate and independent claim. *Jones v. Petty–Ray Geophysical, Geosource, Inc.*, 954 F.2d 1061, 1066 (5th Cir.), *cert. denied*, 506 U.S. 867, 113 S.Ct. 193, 121 L.Ed.2d 136 (1992) (citing *Heck*, above, 622 F.2d at 136). Here, the third party claims for indemnification are based on contracts of insurance between Inland and the third party defendants.

4. The statutory basis for the removability of the third party claim is 28 U.S.C. § 1441(c), which provides:

Whenever a *separate and independent* claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

*Id.*

■ Although the court acquires jurisdiction over the whole case by virtue of its jurisdiction over the third party claim, 28 U.S.C. § 1441(c), it has discretion to remand all matters in which state law predominates. *Id.; Hook,* above, 38 F.3d at 786. The court will exercise that discretion in this case by remanding to the state court all of Lazo's claims against Inland.

### III.  *CONCLUSION*

For the reasons stated above, the motion to remand is **GRANTED** in part and **DE-NIED** in part.  Lazo's claims against Inland, which are governed exclusively by Texas law, are **REMANDED** to the 68th Judicial District Court of Dallas County, Texas.  Inland's third party claims against LINA and Lumbermens, which are preempted by ERISA, will be retained on the docket of this court.

The clerk shall mail a certified copy of this order to the district clerk of Dallas County, Texas.  28 U.S.C. § 1447(c).

**SO ORDERED.**