**Jessie NOYOLA and wife, Beatrice Noyola, Plaintiffs,**

v.

**OASIS CAR WASH, INC., Defendant.**

No. Civ.A. 01:02–CV–290.

United States District Court, E.D. Texas, Beaumont Division.

June 14, 2002.

Gregory F. Cox, Provost & Umphrey, Beaumont, TX, for Plaintiff.

Darryl Jan Silvera, Silvera & Associates, Dallas, TX, for Defendants.

## MEMORANDUM OPINION

COBB, District Judge.

Before the court is Plaintiffs' Motion to Remand [Dkt. # 2], and the court having reviewed the motion and response on file is of the opinion that the motion be GRANTED. This case, originally filed in state court and removed to federal court by the defendant, Oasis Car Wash, Inc. (Oasis), arises out of an on-the-job injury suffered by one of the plaintiffs while employed by and working for Oasis. The plaintiffs have now filed a Motion to Remand.

## I. The Burden is on Oasis to Demonstrate Entitlement to Removal

Oasis, as the party invoking federal court removal jurisdiction, bears the burden of establishing that this court has subject matter jurisdiction. *See Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44

F.3d 362, 365 (5th Cir.1995); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir.1988). "[B]ecause the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns...." *Carpenter*, 44 F.3d at 365. The court, therefore, must strictly construe the removal statute. *Id.* When removal is sought under 28 U.S.C. § 1441(b), as it is here, the right of removal depends on the existence of a claim or claims within the federal question jurisdiction of the court. *Id.* Remand is proper when there is any doubt as to the existence of federal jurisdiction. *Delgado v. Shell Oil Co.*, 890 F.Supp. 1324, 1341 (S.D.Tex.1995); *Samuel v. Langham*, 780 F.Supp. 424, 427 (N.D.Tex.1992).

## II. Background

According to the Original Complaint, which was filed in state court on April 1, 2002: Jessie Noyola worked for Oasis and while performing work for Oasis on March 12, 2002, he fell from a ladder when he received an electric shock. Oasis is a non-subscriber to the Texas Workers' Compensation Act, but has established its own Employee Injury Benefit Plan. While Mr. Noyola received treatment for his injuries at the hospital, an agent of Oasis approached Beatrice Noyola, Jessie Noyola's wife, with a one-page document that the agent said needed to be signed in order for Oasis to pay Jessie Noyola's medical expenses. Mrs. Noyola questioned the purpose of the form, but the agent assured her that it was merely an insurance form that needed to be signed. Mrs. Noyola signed the form, which turned out to be only the last page of a thirty-two page document that included a waiver of worker compensation claims provision.

On April 1, 2002, the Noyolas filed suit in Texas state court against Oasis raising negligence claims and Mrs. Noyola also brought a claim for fraud. On May 8, 2002, Oasis removed the case to federal court contending that the Noyolas' claims are preempted by ERISA. Concerned with the propriety of exercising jurisdiction over this case, the court addressed a letter to the attorneys for both parties requesting briefing on the issue of jurisdiction. Presumably, in response to the court's letter, the Noyolas filed a Motion to Remand that argued ERISA did not preempt their state law claims. Oasis responded to the Motion to Remand by reurging ERISA preemption.

The Noyolas argue that their claims, negligence and fraud, are not preempted by ERISA and they cite *Hook v. Morrison Milling Co.*, 38 F.3d 776 (5th Cir.1994) as support for their position. Naturally, Oasis disagrees with the Noyolas' view, and it contends that *Hernandez v. Jobe Concrete Products, Inc.*, 282 F.3d 360 (5th Cir.2002) dictates that these claims are preempted and that removal is, therefore, proper.

## III. Statutory Background

### A. The Texas Workers' Compensation Act

The Texas Workers' Compensation Act (TWCA) governs the distribution of benefits to workers who are injured on the job. The TWCA provides that any benefits distributed pursuant to it are an employee's exclusive remedy for any work-related injuries or death. TEX.LAB.CODE ANN. § 406.034 (Vernon 1996). This statute is different from most other states in that it gives employers the option not to carry insurance under the TWCA. TEX.LAB.CODE ANN. § 406.002 (Vernon 1996). If an employer chooses not to carry TWCA coverage, the employer is referred to as a non-subscriber. A non-subscriber's employees retain the right to sue their employer in state court, and the employer is deprived of traditional common law defenses. TEX. LAB.CODE ANN. § 406.033 (Vernon 1996).

## B. ERISA

■ On Labor Day 1974, President Gerald Ford signed the Employee Retirement Income Security Act of 1974 (ERISA) into law, enacting the first federal legislation protecting the rights of America's workers who earn pension benefits. ERISA: A COMPREHENSIVE GUIDE 1 (Martin Wald & David Kenty, eds.1991). Congress's goal in passing ERISA was to replace the patchwork of state laws governing this area with a uniform body of federal law. *See N.Y. Conference of Blue Cross v. Travelers Ins.*, 514 U.S. 645, 656–57, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995); *Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 9, 107 S.Ct. 2211, 96 L.Ed.2d 1 (1987). One of the tools Congress placed into ERISA to accomplish this goal was a preemption provision. *See* Wald & Kenty, supra at 249 ("The preemption by ERISA of state laws was designed to create a uniform national law governing employee benefit plans that would, among other things, permit the uniform administration of plans covering employees in several states.").

■ ERISA's preemption clause specifies, in pertinent part, that the provisions of ERISA "supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." ERISA § 514(a), 29 U.S.C. § 1144(a); *Christopher v. Mobil Oil Corp.*, 950 F.2d 1209, 1217 (5th Cir.1992) cert. denied, 506 U.S. 820, 113 S.Ct. 68, 121 L.Ed.2d 35 (1992). The Supreme Court has repeatedly stressed that this "relate to" standard must be interpreted expansively, and that the words are to be given their "broad common-sense meaning." *Egelhoff v. Egelhoff*, 532 U.S. 141, 146, 121 S.Ct. 1322, 149 L.Ed.2d 264 (2001); *Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 139, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987); *Metropolitan Life Ins. Co. v. Massachu-setts*, 471 U.S. 724, 739, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985). Any state law which has a connection with or reference to an employee benefit plan is generally preempted. *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). However, "[s]ome state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan." *Id.* at 100 n. 21, 103 S.Ct. 2890. Lawsuits against ERISA plans for "run-of-the-mill" state law claims, including certain tort actions, are therefore not preempted by ERISA, despite the fact that they plainly affect and involve employee benefit plans. *See Mackey v. Lanier Collection Agency & Service, Inc.*, 486 U.S. 825, 833, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988).

■ According to the Supreme Court, a law relates to an ERISA plan if it: 1) has a connection with or 2) reference to such a plan. *California Div. of Labor Standards Enforcement v. Dillingham Constr., N.A., Inc.*, 519 U.S. 316, 324, 117 S.Ct. 832, 136 L.Ed.2d 791 (1997). When a law acts "immediately and exclusively" upon an ERISA plan or where the existence of an ERISA plan is "essential" to the law's operation, the law makes reference to an ERISA plan. *Id.* at 325, 117 S.Ct. 832. To determine if a law has a connection with an ERISA plan, the Court instructed lower courts to look at "the objectives of the ERISA statute as a guide to the scope of the state law Congress understood would survive" and at "the nature of the effect of the state law on ERISA plans." *Id.* The Court has stated that state-law claims that are preempted by ERISA and came within the scope of ERISA's civil enforcement provision could be recharacterized as arising under federal law, and as such, are removable to federal court. *Metropolitan Life*, 481 U.S. at 64–67, 107 S.Ct. 1542; *see also Ramirez v. Inter–Continental Hotels*, 890 F.2d 760, 762 (5th Cir.1989).

The Fifth Circuit has developed a two-prong test to aid courts in their preemption inquiry. *Memorial Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 244 (5th Cir.1990). The Fifth Circuit has found preemption of state law claims when: 1) the claim addresses areas of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan, and 2) the claim directly affects the relationship among the traditional ERISA entities (i.e., plan administrators/fiduciaries and plan participants/beneficiaries). *Id.* at 245.

## IV. Reviewing *Hook v. Morrison Milling Company*

In *Hook*, the Fifth Circuit affirmed a district court's remand of the plaintiff's negligence action against her employer. *Hook*, 38 F.3d at 778. In this case, Roxanne Hook, began working for Morrison Milling Company (MMC) in October 1990. *Id.* at 779. MMC had elected to discontinue workers' compensation insurance under the TWCA and it began offering its own employee benefit plan. *Id.* at 778. In December 1990, Hook fell down a staircase and suffered injuries. *Id.* at 779. She filed a claim under the plan with MCC and received benefits. *Id.* In February 1992, Hook filed a wrongful discharge and negligence action against MCC in Texas state court. *Id.* MMC removed the case to federal court arguing that ERISA preempted the wrongful discharge claim. *Id.* Hook

filed a motion to remand, which the district court denied. *Id.* Hook then amended her complaint and dropped the wrongful discharge claim—leaving only the negligence claim pending—and again moved for remand. *Id.* This time the district court remanded the case and MMC appealed. *Id.*

In affirming the district court's decision to remand, the Fifth Circuit reviewed two grounds for establishing ERISA preemption: 1) whether the plaintiff's negligence claim was independently preempted by ERISA and 2) whether the fact that MMC's plan contained a waiver provision that Hook's claim related to resulted in preemption. Neither party disputed that the plan, itself, was governed by ERISA.

In deciding that ERISA did not independently preempt Hook's negligence claim, the Fifth Circuit stated that "Hook's unsafe workplace claim ... is totally independent from the existence and administration of MMC's ERISA plan." *Id.* at 784. The court noted that Hook neither sought benefits under the plan, nor claimed that MMC improperly processed her claim for benefits, but rather she sought only damages for MMC's alleged negligent maintenance of its workplace. *Id.* The Fifth Circuit concluded that "Hook's claim, standing alone, is not preempted by ERISA because it affects only her employer/employee relationship with MMC and *not* her administrator/beneficiary relationship with the company." *Id.* at 783 (emphasis in original).[1]

---

1. In so concluding the Fifth Circuit stated that "[n]umerous federal district courts in Texas have concluded that a tort claim alleging an unsafe workplace does not relate to an ERISA plan." *Hook*, 38 F.3d at 784; *see, e.g., Westbrook v. Beverly Enters.*, 832 F.Supp. 188 (W.D.Tex.1993) (concluding that the plaintiff's common law negligence claim was not preempted by ERISA); *Pyle v. Beverly Enters.—Texas*, 826 F.Supp. 206 (N.D.Tex. 1993) (same); *Gibson v. Wyatt Cafeterias*, 782 F.Supp. 331 (E.D.Tex.1992) (same); *O'Neill*

*v. Pro–Set Press*, 1992 WL 404456 (N.D.Tex. 1992) (same); *Nunez v. Wyatt Cafeterias*, 771 F.Supp. 165, 168 (N.D.Tex.1991) ("By the bringing of this action plaintiff has but exercised his common law rights, as those rights have been enhanced by the workers' compensation laws of Texas, to recover from defendant, a non-subscriber, if he is able to prove that defendant failed to comply with its common law duties to plaintiff. The rights plaintiff asserts in this action are en-

After deciding that Hook's unsafe workplace claim standing alone did not lead to ERISA preemption, the Fifth Circuit turned its attention to the waiver provision in MMC's plan. MMC argued that Hook's claim was preempted because the waiver provision in the plan related to her claim and to consider her claim a court would be forced to examine the plan. *Id.* at 783, 785. The Fifth Circuit rejected this theory, stating that MMC's argument "turns ERISA preemption analysis on its head" because it would allow "employers to avoid *any* state law simply by referring to that law in its ERISA plan." *Id.* (emphasis in original). The Fifth Circuit concluded that "a law or claim is preempted when *it* relates to an ERISA plan and not the reverse." *Id.* (emphasis in original).[2]

## V. Discussion

■ This court agrees with the Noyolas that *Hook* governs the outcome of this case. Like the unsafe workplace claim in *Hook*, the Noyolas' claims are completely independent from the existence and administration of Oasis's plan. The Noyolas neither seek benefits under the plan, nor claim that Oasis has improperly processed their claim, but rather they seek damages for Oasis's negligent maintenance of its workplace and for fraudulently inducing Mrs. Noyola to sign an insurance document. The Noyolas do not rely on the existence of an ERISA-governed plan to argue that they are entitled to damages. In fact, to put it quite simply, the Noyolas' claims would exist even if Oasis did not have an ERISA-governed plan. Nothing in

the Noyolas' claims addresses an area of exclusive federal concern, nor do the claims affect the relationship among traditional ERISA entities. This is a case, similar to *Hook*, where an employee has sued his employer for maintaining an allegedly unsafe workplace.

Looking specifically at the negligence claim, the court notes that the Noyolas' negligent maintenance of the workplace claim is identical to the claim that the Fifth Circuit in *Hook* stated "standing alone, is not preempted by ERISA because it affects only [Mr. Noyolas's] employer/employee relationship with [Oasis] and *not* [his] administrator/beneficiary relationship with the company." *Hook*, 38 F.3d at 783. Courts have consistently held that common law negligence claims are not preempted by ERISA. *See, e.g., Hook*, 38 F.3d at 784 (concluding that the plaintiff's common law negligence claim is not preempted by ERISA); *Lazo v. Inland Sales Co.*, 925 F.Supp. 463 (N.D.Tex.1995) (same); *McCabe v. Henpil, Inc.*, 889 F.Supp. 983 (E.D.Tex.1995) (same); *Westbrook v. Beverly Enters.*, 832 F.Supp. 188 (W.D.Tex.1993) (same); *Pyle v. Beverly Enters.—Texas*, 826 F.Supp. 206 (N.D.Tex.1993) (same); *Gibson v. Wyatt Cafeterias*, 782 F.Supp. 331 (E.D.Tex.1992) (same); *O'Neill v. Pro–Set Press*, 1992 WL 404456 (N.D.Tex.1992) (same); *Nunez v. Wyatt Cafeterias*, 771 F.Supp. 165, 168 (N.D.Tex.1991) (same). In this particular case, the plaintiffs' negligence claim seeks damages for his personal injury and her loss of consortium, rather than benefits

---

tirely independent of the Plan. They would exist, and plaintiff presumably would assert them, even if the Plan were not in existence.").

**2.** The district court concluded that the waiver provision does not preempt Hook's unsafe workplace claim because the waiver provision was incidental to the negligence claim, and

alternatively, because such provisions are void under Texas law. *Hook,* 38 F.3d at 779. The Fifth Circuit explicitly stated that it did not reach the conclusion that the waiver was void under Texas law. *Id.* at 779 n. 4. The Fifth Circuit left the question of the validity of the waiver provision under Texas law to the Texas state court to be answered upon remand. *Id.*

under the plan. Like so many courts before today's ruling, this court finds that the plaintiffs' negligence claim is not rooted in the existence of an ERISA-governed plan, and as such, does not relate to one.

■ Turning to Mrs. Noyola's fraud claim, the court finds this claim is not preempted by ERISA either. In *Smith v. Texas Children's Hospital*, the Fifth Circuit found the plaintiff's fraud claim escaped preemption when it did not necessarily depend upon the scope of the plaintiff's rights under the defendant's plan. 84 F.3d 152, 155 (5th Cir.1996). The Fifth Circuit continued by stating that the plaintiff was not suing for benefits owed her under the defendant's plan, but rather, she was suing for vested benefits that she had acquired, but then relinquished in reliance upon the defendant's alleged misrepresentations. *Id.* at 157; *see also Hand v. Church and Dwight Co., Inc.*, 962 F.Supp. 742, 746 (D.S.C.1997) ("The central issue of [the plaintiff's fraud] claim, therefore, involves the representations of the defendants that were made in order to induce the plaintiff to forego legal rights that she could have exercised."). The Fifth Circuit noted that if the defendant in *Smith* did not even have a plan, the plaintiff would still have had a claim against the defendant because the plaintiff's claim "ultimately" was not one for plan benefits. *Smith*, 84 F.3d at 155.

■ This court recognizes that to the extent that Mrs. Noyola is claiming that she is entitled to disability benefits under Oasis's ERISA plan, her claim is preempted. Fifth Circuit case law teaches that a state-law claim by an ERISA plan participant against her employer is preempted when based upon a denial of benefits under the defendant's ERISA plan. *Perdue v. Burger King Corp.*, 7 F.3d 1251, 1255–56 (5th Cir.1993); *Christopher v. Mobil Oil Corp.*, 950 F.2d 1209, 1217–20 (5th Cir.

1992); *Cefalu v. B.F. Goodrich Co.*, 871 F.2d 1290, 1292–97 (5th Cir.1989). However, Oasis, as the party invoking federal court removal jurisdiction, bears the burden of establishing that this court has subject matter jurisdiction, and it does not appear at this time that Mrs. Noyola is claiming she is entitled to benefits under Oasis's plan. *See Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir.1995); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir.1988).

In this case, Mrs. Noyola alleges that through fraud, deception and misrepresentation Oasis convinced her to sign on behalf of her husband Oasis's ERISA-governed insurance plan. *Plaintiffs' Original Petition* at 3. This court is unsure what the damages will be if Mrs. Noyola proved Oasis fraudulently induced her to sign this document, but the court is confident that Mrs. Noyola does not seek benefits due her under the plan. In fact, just the opposite appears to be occurring. Mr. Noyola contends that he did not join Oasis's plan, so neither he, nor his wife, could be claiming entitlement to plan benefits. Rather, like the plaintiffs in *Smith* and *Hand*, Mrs. Noyola appears to claim that Oasis's alleged misrepresentations caused her give up rights that she would otherwise have been able to exercise. In light of the defendant's argument that this case should be sent to binding arbitration because of Mrs. Noyola's signature, Oasis apparently would agree that the Noyolas lost a right that they would have otherwise been able to exercise—the right to file a civil action against the defendant. *See Defendant's Motion to Compel Arbitration and Stay Proceedings and Brief in Support Thereof* at 1. There may be other damages Mrs. Noyola seeks to recover by bringing this claim, but again, Oasis bears the burden of showing the claim is preempted, and at this time, Oasis has failed to show that Mrs. Noyola is claiming entitlement to

plan benefits, and therefore that ERISA preemption exists.

Oasis argues that *Hernandez v. Jobe Concrete Products, Inc.,* and not *Hook,* governs the outcome of this case and that the outcome should be that the Noyolas' claims are preempted. *Defendant's Response to Plaintiffs' Motion to Remand and Brief in Support Thereof* at 3. After reviewing *Hook* and *Hernandez,* the court disagrees with Oasis's conclusion that *Hernandez* dictates preemption in this case.

In *Hernandez,* the Fifth Circuit affirmed a district court's grant of a motion to compel arbitration and held that remand of the plaintiff's claims to state court would have been inappropriate. 282 F.3d at 364. In this case, Jose Hernandez worked for Jobe Concrete Products, Inc. (Jobe) and suffered an on-the-job injury. *Id.* at 361. Hernandez began receiving benefits under Jobe's occupational injury plan, but he later quit and ceased to receive these benefits. *Id.* Jobe was a non-subscriber under the TWCA because it elected to adopt its own plan rather than subscribe to the TWCA. *Id.* at 363. Jobe's plan provided benefits resulting from work-related injuries for 1) short-term disability; 2) death, dismemberment, and permanent, total disability; and 3) medical care. *Id.* Jobe's plan also included a waiver that provided all claims for damages or harm resulting from an on-the-job injury were to be subject to binding arbitration. *Id.*

After quitting his job, Hernandez filed suit in Texas state court against Jobe asserting claims for unlawful retaliation, negligence, breach of contract, breach of the covenant of good faith and fair dealing, and intentional infliction of emotional distress. *Id.* at 361. Jobe removed the case to federal court alleging that Hernandez's state law claims were preempted by ERISA. *Id.* Jobe then filed a motion to compel arbitration and a 12(b)(6) motion to dismiss. *Id.* Hernandez filed a motion to remand. *Id.* The district court granted Jobe's motion to compel arbitration and denied all remaining motions, including the motion to remand, as moot. *Id.*

The parties agreed that Jobe's plan would normally be governed by ERISA, but Hernandez argued that this plan fell within one of ERISA's exceptions to preemption. *Id.* at 362. Specifically, Hernandez argued that § 1003(b)(3), which exempts from ERISA coverage any employee benefit plan if "such plan is maintained solely for the purpose of complying with applicable workmen's compensation or disability insurance laws," applies to Jobe's plan, and thus that it is not an ERISA-governed plan. *Id.* (quoting 29 U.S.C. § 1003(b)(3)). Jobe countered by arguing that because Texas does not require employers to provide workers' compensation insurance, it did not maintain a plan solely for the purpose of complying with Texas's workers' compensation law. *Id.* at 363. Thus, the issue before the court in *Hernandez* was "whether Jobe's plan is an ERISA plan subject to federal preemption, or whether it falls within the exception to preemption reserved for state workers' compensation plans." *Id.* at 361.

The Fifth Circuit agreed with Jobe's argument. *Id.* at 363. The court noted that in *Shaw v. Delta Air Lines, Inc.,* the Supreme Court held that this exception will apply only to plans which are both separately administered and maintained solely to comply with state law. *Id.* at 362 n. 2 (citing 463 U.S. 85, 107–08, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983)). The Fifth Circuit found Jobe chose to adopt its own plan, a decision it stated that was not required under Texas law. *Id.* at 364. The court stated that "Jobe has undoubtedly created and maintained its plan in order to avoid the high cost of insurance under the TWCA, and in an effort to limit

its liability in the absence of such insurance." Id. (citing *Nunez v. Wyatt Cafeterias, Inc.*, 771 F.Supp. 165, 167 (N.D.Tex. 1991)).[3] As such, the Fifth Circuit held that the § 1003(b)(3) exception did not apply to Jobe's plan, and therefore, Jobe's plan was an ERISA-governed plan. *Id.* at 363–64.

Again, in *Hernandez*, the issue before the Fifth Circuit was not whether the plaintiff's claims related to an ERISA plan because this point had been conceded by the parties, but rather the issue tackled by the Fifth Circuit in *Hernandez* was whether the defendant's plan actually constituted an ERISA plan. *See Hernandez*, 282 F.3d at 362 n. 3 (pointing out that the parties conceded that the plaintiff's claims related to the plan); *id.* at 362 (stating that the parties disagreed as to whether the defendant's plan is governed by ERISA for preemption purposes). In finding that ERISA governed this particular plan, the Fifth Circuit noted that it had previously held negligence claims against employers, like the one brought by Mr. Noyola in this case, do not relate to ERISA plans. *Id.* at 362 n. 3. Furthermore, in holding that the exception to ERISA preemption that the plaintiff in *Hernandez* had been arguing the plan fell under did not apply, the Fifth Circuit cited *Pyle v. Beverly Enters.—Tex., Inc.*, 826 F.Supp. 206, 210–11 (N.D.Tex.1993), which held similarly, but also held that the employee's negligence claim against her employer was not preempted by ERISA. *Id.* at 363. Finally, the *Hernandez* court stated that its opinion was consistent with *Hook* in that in *Hook*, the Fifth Circuit analyzed the issue of whether an employee's negligence claim related to an ERISA plan. *Id.* at 363 n. 5. The *Hernandez* court, thus recognized that

it had addressed a different issue than the *Hook* court.

The Noyolas have not claimed that Oasis's plan is exempted from ERISA preemption by § 1003(b)(3) of ERISA, like the plaintiff did in *Hernandez*. Rather, like the plaintiff in *Hook*, the Noyolas merely argue that their claims do not relate to an ERISA-governed plan. Actually, the Noyolas do not argue one way or the other with regard to whether Oasis's plan is governed by ERISA because they argue Mr. Noyola never joined the plan and that their claims do not relate to any plan.

In *Hernandez*, the Fifth Circuit specifically stated that because the parties conceded the claims related to the plan, the court did not need to consider whether the plaintiff's claims related to the plan. *Id.* at 363 n. 3. The Noyolas pose the opposite scenario for this court as the Fifth Circuit faced in *Hernandez* in that the plaintiffs do not argue Oasis's plan is exempt from ERISA preemption, rather they contend their claims do not relate to a plan. Thus, the Noyolas argument mirrors the situation addressed by the Fifth Circuit in *Hook*, when it found Hook's negligence claim against her employer escaped ERISA preemption. *Hook*, 38 F.3d at 784. As such, this court finds *Hook* to be more instructive than *Hernandez* in resolving the issue presently before it.

■ Finally, while neither party raises this issue, the court notes that the arbitration provision within Oasis's plan does not create ERISA preemption. Similar to the reasoning employed in Hook with regard to a waiver of claims provision, the Noyolas' claims must relate to Oasis's plan to be preempted, not the other way around. *Id.*

---

**3.** Interestingly, the *Nunez* court held that the plaintiff's negligence action against his employer escaped ERISA preemption because

the claim was entirely independent of the defendant's plan. *Nunez*, 771 F.Supp. at 168.

at 785. To hold otherwise would, as the Fifth Circuit found, "turn[ ] ERISA preemption analysis on its head." *Id.* Whatever affect the arbitration clause in Oasis's plan may have on the Noyolas' state-law claims is an issue best left to the discretion of a court of the state of Texas.

## VI. Conclusion

The Noyolas' complaint in this action makes no statement that ties together their tort claims with any claim under Oasis's plan, nor has Oasis demonstrated that any connection between the two exists that allows the court to find that the plaintiffs' claims relate to the defendant's plan. There being no relation between the plaintiffs' claims and the defendant's plan in such a sense, there is no preemption, and there has been no showing that this court has subject matter jurisdiction. It is, therefore,

ORDERED, that Plaintiff's Motion to Remand is hereby GRANTED and that this case is to be REMANDED to the state court from whence it came. It is further,

ORDERED, that Plaintiffs are awarded taxable costs associated with the removal and remand. It is further,

ORDERED, that all outstanding motions are DENIED as MOOT. It is further,

ORDERED, that the Clerk CLOSE this case.